```
 1  SEAN P. REIS (SBN 184044)
    sreis@reisfirm.com
 2  THE REIS LAW FIRM, A.P.C.
    30021 Tomas Street, Suite 300
 3  Rancho Santa Margarita, CA 92688
    Telephone: (949) 713-9440
 4
    JAY EDELSON*
 5  jedelson@edelson.com
    RAFEY S. BALABANIAN*
 6  rbalabanian@edelson.com
    CHRISTOPHER DORE*
 7  cdore@edelson.com
    BENJAMIN H. RICHMAN*
 8  brichman@edelson.com

 9  EDELSON LLC
    350 North LaSalle Street, Suite 1300
10  Chicago, IL 60654
    Telephone: (312) 589-6370
11
    [Additional counsel appearing on signature page.]
12
    * Pro Hac Vice admission to be filed
13

14  Attorneys for Plaintiffs and the Putative Classes
```

FILED
MAY 08 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOPWOOD and TERESA MARTINEZ, individually and on behalf of all others similarly situated, | Case No. CV 13 2132 |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| NUANCE COMMUNICATIONS, INC., a Delaware corporation, | |
| Defendant. | |

CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs William Hopwood and Teresa Martinez bring this Class Action Complaint against Defendant Nuance Communications, Inc. to stop Defendant's practice of making unsolicited phone calls to the cellular and landline telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiffs, for their Class Action Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE ACTION

1. Defendant Nuance Communications is a multinational computer software technology corporation that provides speech and imaging applications, including products focused on speech recognition, telephone call steering systems, automated telephone directory services, medical transcription software & systems, optical character recognition software, and desktop imaging software.

2. In an effort to promote its various consumer and business products, Defendant, through its own telemarketing efforts and/or through its agents, made thousands of unsolicited phone calls to consumers attempting to sell them Nuance products.

3. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Classes actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their phone carriers for the receipt of such telephone calls.

4. Defendant repeatedly made (or directed to be made on its behalf) unsolicited telephone calls to Plaintiffs' and the other members of the putative Classes' telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. ("TCPA").

5. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiffs filed the instant lawsuit and seek an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Classes under the

CLASS ACTION COMPLAINT 1

TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff William Hopwood is a natural person and citizen of the State of Florida.

7. Plaintiff Teresa Martinez is a natural person and citizen of the State of Virginia.

8. Defendant Nuance Communications, Inc. is a corporation organized and existing under the laws of the State of Delaware. Nuance Communications is a publically traded company with offices worldwide, including a primary office in Sunnyvale, California. Nuance Communications is registered to do business with the California Secretary of State. Defendant regularly does business throughout the State of California, in this District, and nationwide.

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

10. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant maintains a primary corporate office in this District, transacts significant amounts of business within this District, directs telephone calls here, maintains a primary corporate office here, solicits customers here, and enters into consumer and business contracts here.

## COMMON FACTUAL ALLEGATIONS

11. Defendant Nuance regularly engages in telemarketing in order to increase consumer and business sales.

12. However, Defendant casts its net too wide. It not only places calls to consumers who never purchased a Nuance product, but also makes repeated calls to consumers who, regardless of whether they purchased a Nuance product, have made express requests to no longer receive telephone calls from Defendant, requested that their contact information be removed from Defendant's database, or both.

13. Plaintiffs and the members of the putative Classes either did not provide Defendant informed and express consent to receive calls from Defendant, or revoked any purported consent.

CLASS ACTION COMPLAINT 2

14. Regardless, Plaintiffs and members of the putative Classes received repeated and unwanted telephone calls from Defendant, each promoting Defendant's products and services. In fact, online complaint websites are filled with hundreds of complaints regarding the receipt of unwanted calls from or on behalf of Defendant.

15. Defendant utilized an automatic telephone dialing system to place the telephone calls to members of the Classes. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, or store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered to calls to then available telemarketers.

16. Through an automated message played when a call is placed to Nuance at (866) 771-6288, a consumer has the option to have his or her phone number removed from Defendant's database. The automated message expressly states that a removal request "will be processed within 7 days or less." As such, Defendant self-identifies what it believes to be the reasonable (and maximum) time necessary to process an opt-out request.

### FACTS SPECIFIC TO PLAINTIFF HOPWOOD

17. Plaintiff Hopwood has purchased several Nuance products since 2006.

18. As part of those purchases, Plaintiff Hopwood created an account with Nuance and registered his products.

19. Plaintiff Hopwood's cell phone number is not listed in and does not appear in his Nuance online account. Likewise, Plaintiff Hopwood's "communication preferences" in his online account indicate that he is only interested in receiving communications by email, and not by telephone.

20. Starting at least as early at November 2012, Defendant began placing telephone calls to Plaintiff Hopwood's cellular telephone from the phone number (866) 459-2530. The telemarketer attempted to sell Plaintiff a product he had already purchased.

21. On a call with Defendant occurring in or around November 2012, Plaintiff

CLASS ACTION COMPLAINT 3

Hopwood expressly requested that he no longer be called by Defendant and that his information be removed from its call database.

22. Plaintiff Hopwood thereafter received a telemarketing call from Defendant on January 23, 2013, from the phone number (866) 771-6288, wherein he again requested to no longer be called.

23. Plaintiff Hopwood received additional calls from Defendant on February 19, February 20, and February 22, 2013. These calls also came from (866) 771-6288.

24. Defendant placed additional calls to Plaintiff Hopwood between November 2012 and February 2013 that Plaintiff did not answer.

25. Plaintiff Hopwood's cellular telephone number has been registered with the National Do Not Call Registry since at least 2008.

26. The calls Plaintiff Hopwood received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which calls are placed by a machine, and when a consumer answers the phone, there is a noticeable pause prior to being connected to a live representative of Defendant. This technology, on information and belief, dials several numbers simultaneously and connects the call to only those who answer first.

27. Defendant was and is aware that the above described telephone calls were and are being made to consumers who had expressly requested to no longer receive them.

**FACTS SPECIFIC TO PLAINTIFF MARTINEZ**

28. Plaintiff Martinez has never purchased a Nuance product.

29. Since at least 2011, Plaintiff Martinez has received numerous calls from Defendant on her landline telephone, each of which is a sales call attempting to sell Plaintiff a Nuance product.

30. Plaintiff Martinez has, on multiple occasions, indicated that she never purchased a Nuance product and requested that her telephone number be taken off Defendant's call list.

31. Most recently, Plaintiff Martinez received a call from (866) 771-6288 on February

CLASS ACTION COMPLAINT                           4

11, 2013, which she did not answer. That same day, Plaintiff Martinez placed a call to Defendant and specifically requested that her number be removed from its list. She also indicated that she never purchased a Nuance product and never consented to receive calls. The telemarketer provided Plaintiff Martinez with a confirmation number for her opt-out request. When Plaintiff requested the telemarketer's name and employee ID, the telemarketer stopped talking and hung up.

32. On February 14, 2013, Plaintiff again received a call from Defendant from the number (866) 771-6288. Defendant thereafter called again on February 20, 2013.

33. Defendant called Plaintiff Martinez yet again on February 22, 2013. One month later, on March 21, 2013, Defendant placed another call to Plaintiff. Defendant placed an additional call to Plaintiff on March 26, 2013.

34. Finally, and most recently, Defendant called Plaintiff Martinez on April 25, 2013. Plaintiff answered this call (believing it was from a relative), and *again* informed the telemarketer that the person Defendant was calling for did not live there, and *again* asked that Defendant stop calling. The telemarketer informed Plaintiff that it was the first time Defendant had called her. Plaintiff objected to that statement and asked to speak with a supervisor. The supervisor stated that he would "personally remove" her numbers from Defendant's call list.

35. Plaintiff's landline telephone number has been registered with the National Do Not Call Registry for several years prior to the receipt of the relevant calls from Defendant.

36. Plaintiff never consented to, requested, or otherwise desired or permitted Defendant to make calls to her telephone for any purpose.

37. Defendant was and is aware that the above-described telephone calls were and are being made to consumers without those consumers' prior express consent and that calls were being made to consumers who had expressly requested to no longer receive them.

## CLASS ALLEGATIONS

38. Plaintiff Hopwood brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class defined as follows:

> **Cell Phone (No Consent) Class**: All individuals in the United States to whom Defendant (1) placed a call promoting its product or services; (2) to a cellular

CLASS ACTION COMPLAINT                 5

telephone number; (3) on which the individual called never consented to receive telephone calls from Defendant.

Plaintiff Hopwood brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class defined as follows:

> **Cell Phone (Revocation) Class**: All individuals in the United States to whom Defendant (1) placed a telephone call; (2) to his or her cellular telephone; (3) who expressly requested that Defendant stop making calls to him or her; (4) and more than 7 days thereafter; (5) Defendant made an additional telephone call to his or her cellular telephone.

Plaintiff Martinez brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a class defined as follows:

> **Do Not Call (No Consent) Class:** All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry; (2) who never consented to be contacted by Defendant; (3) to which Defendant made more than one telephone call; (4) promoting Defendant's products or services; (5) within any 12-month period.

Plaintiffs jointly bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and a class defined as follows:

> **Do Not Call (Revocation) Class:** All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry; (2) who expressly requested that Defendant stop making calls to him or her; (4) and more than 7 days thereafter; (4) Defendant made an additional telephone call to him or her.

Excluded from the Classes are 1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current and former employees, officers, and directors, 2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, 3) persons who execute and file a timely request for exclusion, 4) the legal representatives, successors, or assigns of any such excluded person; and 5) Plaintiffs' counsel and Defendant's counsel.

39. **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the definitions of the Classes. Class members can be identified through Defendant's records.

40. **Typicality**: Plaintiffs' claims are typical of the claims of other members of the

Classes, in that Plaintiffs and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

41. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiffs.

42. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA;

(b) whether the equipment Defendant used to make telephone calls to members of the Cell Phone (No Consent) Class and the Cell Phone (Revocation) Class was an automatic telephone dialing system as contemplated by the TCPA;

(c) whether Defendant systematically made telephone calls to members of the Cell Phone (No Consent) Class and the Do Not Call (No Consent) Class who did not previously provide Defendant with their prior express consent to receive such telephone calls;

(d) whether Defendant made telephone calls to members of the Cell Phone (Revocation) Class and the Do Not Call (Revocation) Class more than seven days after they requested to no longer receive telephone calls from it;

(e) whether Defendant systematically made telephone calls to members of the Do Not Call (No Consent) Class and the Do Not Call (Revocation) Class whose telephone numbers were registered with the National Do Not Call Registry;

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

CLASS ACTION COMPLAINT                               7

43. **Superiority**: This case is also appropriate for class certification as class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense required for individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## COUNT I

**Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On behalf of Plaintiff Hopwood, the Cell Phone (No Consent) Class, and the Cell Phone (Revocation) Class)**

44. Plaintiff Hopwood incorporates by reference the foregoing allegations as if fully set forth herein.

45. Defendant and/or its agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff Hopwood and other members of the Cell Phone (No Consent) Class without their prior express consent to receive such calls.

46. Defendant and/or its agents also made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff Hopwood and other members of the Cell Phone (Revocation) Class more than seven days after they expressly requested to no longer receive telephone calls from Defendant. As such, the calls made to Cell Phone (Revocation) Class members after they revoked any purported consent were made without Plaintiff Hopwood and Cell Phone (Revocation) Class members' prior express consent to receive such calls.

47. Defendant made the telephone calls, or had them made on its behalf, using

CLASS ACTION COMPLAINT          8

equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

48. Defendant and/or its agents utilized equipment that made, or had made on its behalf, the telephone calls to Plaintiff Hopwood and other members of the Cell Phone (No Consent) Class and Cell Phone (Revocation) Class simultaneously and without human intervention.

49. By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff Hopwood and the Cell Phone (No Consent) Class members' cellular telephones without their prior express consent, and by utilizing an automatic telephone dialing system to make those calls, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

50. By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff Hopwood and the Cell Phone (Revocation) Class members' cellular telephones more than seven days after the requests were made to stop such calls (thereby revoking any purported consent), and by utilizing an automatic telephone dialing system to make those calls, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

51. As a result of Defendant's unlawful conduct, Plaintiff Hopwood and the members of the Cell Phone (No Consent) Class and the Cell Phone (Revocation) Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

52. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff Hopwood and the other members of the Cell Phone (No Consent) Class and the Cell Phone (Revocation) Class.

## COUNT II

**Violation of the TCPA, 47 U.S.C. § 227(c)(5)**
**(On behalf of Plaintiffs, the Do Not Call (No Consent) Class,**
**and the Do Not Call (Revocation) Class)**

53. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth

herein.

54. 47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may," bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

55. The Telephone Consumer Protection Act's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation" to "…(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

56. 47 C.F.R. §64.1200 (e), provides that §64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03- 153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which Report and Order in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

57. 47 C.F.R. § 64.1200(d) further provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for

CLASS ACTION COMPLAINT 10

telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.
. . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

58. Defendant violated § 64.1200(c) by initiating telephone solicitations to wireless and residential telephone subscribers, such as Plaintiffs, the Do Not Call (No Consent) Class members, and the Do Not Call (Revocation) Class members, who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested not to receive calls from Defendant, as set forth in § 64.1200(d)(3).

59. Defendant and/or its agents made more than one unsolicited telephone call to Plaintiff Martinez and members of the Do Not Call (No Consent) Class within a 12 month period, without their prior express consent to receive such calls. Plaintiff Martinez and members of the Do Not Call (No Consent) Class never provided any form of consent, at any time, to receive telephone calls from Defendant.

60. Defendant affirmatively and publically represents that any request to no longer be called by Defendant will be honored within seven days or less. As such, for purposes of 47 C.F.R. § 64.1200(d), Defendant identifies seven days as a reasonable time period to honor a consumer's do-not-call request.

CLASS ACTION COMPLAINT 11

61. Plaintiffs and members of the Do Not Call (Revocation) Class expressly requested that Defendant no longer place calls to them, after which Defendant failed to place Plaintiffs and members of the Do Not Call (Revocation) Class on Defendant's internal do-not-call list (or failed to do so within its stated seven day time period).

62. More than seven days following Plaintiffs' and members of the Do Not Call (Revocation) Class's express request to not receive calls from Defendant, Defendant placed additional calls to them without their consent and in violation of their request not to be called.

63. Defendant violated § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiffs, the Do Not Call (No Consent) Class, and the Do Not Call (Revocation) Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

64. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiffs, the Do Not Call (No Consent) Class, and the Do Not Call (Revocation) Class received more than one telephone call within a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiffs, the Do Not Call (No Consent) Class, and the Do Not Call (Revocation) Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

65. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call (No Consent) Class and the Do Not Call (Revocation) Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs William Hopwood and Teresa Martinez, individually and on behalf of the Classes, pray for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff William Hopwood and Teresa Martinez as the representatives of the Classes, and appointing their counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Classes;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Dated: May 8, 2013

Respectfully Submitted,

**WILLIAM HOPWOOD and TERESA MARTINEZ**, individually and on behalf of classes of similarly situated individuals,

By: _____
One of Plaintiffs' Attorneys

SEAN P. REIS (SBN 184044)
sreis@reisfirm.com
THE REIS LAW FIRM, A.P.C.
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 713-9440

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
BENJAMIN H. RICHMAN*
brichman@edelson.com
CHRISTOPHER DORE*
cdore@edelson.com

EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370

Stefan Coleman, Esq.*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427

* Admission *pro hac vice* to be filed.

CLASS ACTION COMPLAINT              13