JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN (admitted *pro hac vice*)
rbalabanian@edelson.com
CHRISTOPHER DORE (admitted *pro hac vice*)
cdore@edelson.com
BENJAMIN H. RICHMAN (admitted *pro hac vice*)
brichman@edelson.com
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370

*Attorneys for Plaintiffs*
WILLIAM HOPWOOD and TERESA MARTINEZ,
individually and on behalf of all others similarly situated

PAUL T. FRIEDMAN (SBN 98381)
pfriedman@mofo.com
TIFFANY CHEUNG (SBN 211497)
tcheung@mofo.com
MARGARET MAYO (SBN 259685)
mmayo@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

*Attorneys for Defendant*
NUANCE COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOPWOOD and TERESA MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NUANCE COMMUNICATIONS, INC., a Delaware corporation,<br><br>Defendant. | Case No.    CV-13-2132-YGR<br><br>**SECOND JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Judge:** Hon. Yvonne Gonzalez Rogers<br><br>Case Management Conference:<br>**November 4, 2013** |

Pursuant to Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California dated July 1, 2011, Plaintiffs William Hopwood and Teresa Martinez (collectively "Plaintiffs") and Defendant Nuance Communications, Inc. ("Nuance" or "Defendant"), by and through their undersigned counsel, submit this Joint Case Management Statement in advance of the November 4, 2013 Case Management Conference.[1]

**1.       Jurisdiction and Service**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

There are no issues with subject matter or personal jurisdiction at this time, nor are there any issues with service of process—both Defendants have been served.

**2.       Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

  **A.       Plaintiffs' Statement:** Plaintiffs allege that Defendant Nuance—a multinational computer software company—in an effort to promote its various consumer and business software products, made (or caused to be made by its business partner Infinity Contact) thousands of unsolicited phone calls to consumers nationwide, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Specifically, Plaintiffs allege that Defendants made these telemarketing calls without obtaining Class members' prior express consent, after Class members expressly requested that they cease making such calls, and/or despite the fact that the telephone number(s) called were registered on the National Do Not Call Registry.

  **B.       Defendant's Statement:** Plaintiffs' lawsuit is without merit.  The calls at issue were not made to randomly generated numbers of consumers with no connection to Nuance. These calls were placed to consumers who had previously purchased Nuance products and had an established business relationship with Nuance and/or had consented to receiving those calls.

---

[1]     Although (as described below) Infinity Contact, Inc. ("Infinity Contact") has been served, it has not yet appeared through counsel in this matter and therefore, did not participate in the preparation or filing of this statement.

During these calls, Nuance customers were provided with information regarding available upgrades for Nuance products that the persons being called had previously purchased.

### 3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiffs and Nuance identify the following legal issues:

(a) Whether the calls at issue violated the TCPA.

(b) Whether the equipment used to make the telephone calls at issue was an automatic telephone dialing system as defined in the TCPA.

(e) Whether the calls at issue were made with prior express consent of the called parties.

(f) Whether the calls at issue were made to persons who had established business relationships with Nuance.

(g) Whether Plaintiffs and/or the members of the putative classes properly revoked or could revoke their consent.

(h) Whether Plaintiffs' claims are appropriate for class treatment.

(i) Whether Plaintiffs and/or members of the putative classes are entitled to any relief under the Telephone Consumer Protection Act.

### 4. Motions

*All prior and pending motions, their current status, and any anticipated motions.*

There are no pending motions. Plaintiffs anticipate filing a motion for class certification, a motion for summary judgment, and discovery-related motions (if necessary).

Nuance anticipates filing a motion to dismiss. Nuance also continues to investigate the allegations in the Complaint and will file any other appropriate motions in the future.

### 5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiffs filed a First Amended Complaint on October 20, 2013, naming Infinity Contact as a party-defendant. Plaintiffs do not anticipate any further amendments to the complaint at this time. Pursuant to stipulation, Nuance's deadline to respond to the First Amended Complaint is

November 19, 2013. Plaintiffs represent that Infinity Contact was served with the First Amended Complaint on October 28, 2013, and its deadline to respond thereto is November 19, 2013.

Pursuant to the Court's order from the Case Management Conference on September 30, 2013, the last day to join parties or amend pleadings is October 31, 2013.

**6.   Evidence Preservation**
*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

Plaintiffs and Nuance are complying in good faith with their obligations to preserve potentially relevant documents and information.

**7.   Disclosures**
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

Plaintiffs and Nuance exchanged their Rule 26 initial disclosures on October 7, 2013.

**8.   Discovery**
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

**A.   Discovery Taken To Date:** Plaintiffs have served interrogatories and requests for production on Nuance. Nuance has served interrogatories, requests for production, and requests for admission on Plaintiffs. The responses to all outstanding discovery requests are due on November 18, 2013.

**B.   Scope of Anticipated Discovery**

**Plaintiffs' Statement**: Plaintiffs anticipate taking discovery on the following non-exhaustive list of topics: (1) the total number and identity of individuals to whom Defendant and/or its agents made the unauthorized telemarketing calls at issue; (2) the total number of calls Defendant and/or its agents made to those individuals; (3) the methods by which Defendant and/or its agents obtained the telephone numbers called; (4) the equipment Defendant and/or its agents used to make the calls; (5) records of consent to make the calls (if any); (6) records of individuals' request(s) that Defendant and/or its agents cease making such calls; (7) policies and/or procedures maintained by Defendant and/or its agents related to obtaining consent of individuals to be called and/or otherwise complying with the TCPA; (8) contracts exchanged

between Defendant and its agents related to making telemarketing calls; and (9) communications between Defendant and its agents related to making the telemarketing calls.

**Defendant's Statement:**

Defendant anticipates that its discovery will include, among other things, Plaintiffs' and related persons' established business relationships and interactions with Nuance and the calls allegedly received by Plaintiffs. To the extent necessary, Defendant anticipates that discovery may be sought from unnamed class members, including discovery regarding their established business relationships with Nuance and their consent to receive the calls at issue.

C. **Electronically Stored Information**: Plaintiffs and Nuance are presently engaged in discussions to develop a mutually acceptable ESI production protocol.

D. **Privilege / Inadvertent Disclosure**: Neither Plaintiffs nor Nuance are aware of any issues regarding privilege at this time. Plaintiffs and Nuance agree to cooperate with each other in the event of an inadvertent disclosure of privileged information and to agree to an appropriate claw back agreement and destruction of any materials inadvertently produced. They also agree that any inadvertent disclosure of privileged material shall not operate as a waiver of any privilege.

E. **Modifications to Limits on Discovery**: Neither Plaintiffs nor Nuance seek any modifications to the limits on discovery at this time.

F. **Protective Order**: The Parties will seek the entry of a protective order, given the likely nature of discovery. The parties agree to meet and confer concerning the scope of an appropriate protective order, which may include provisions regarding privilege issues and inadvertent disclosure of privileged information.

**9.** **Class Actions**
*If a class action, a proposal for how and when the class will be certified.*

A. **Plaintiffs' Statement**: Plaintiffs seek certification of four proposed classes under Fed. R. Civ. P. 23(b)(2) and (b)(3). For his part, Plaintiff Hopwood brings this action on behalf of himself and two classes defined as follows:

**Cell Phone (No Consent) Class**: All individuals in the United States to whom Defendant Nuance or Defendant Infinity Contact (1) placed a telephone call promoting Defendant Nuance's products or services; (2) to his or her cellular telephone; (3) who never consented to receive telephone calls from Defendant Nuance or Defendant Infinity Contact.

**Cell Phone (Revocation) Class**: All individuals in the United States to whom Defendant Nuance or Defendant Infinity Contact (1) placed a telephone call promoting Defendant Nuance's products or services; (2) to his or her cellular telephone; (3) who expressly requested that Defendants stop making calls to him or her; (4) and more than 7 days thereafter; (5) Defendant Nuance or Defendant Infinity Contact made an additional telephone call to his or her cellular telephone.

Plaintiffs jointly bring this action on behalf of themselves and two classes defined as follows:

**Do Not Call (No Consent) Class:** All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry; (2) who never consented to receive telephone calls from Defendant Nuance or Defendant Infinity Contact; (3) to whom Defendant Nuance or Defendant Infinity Contact made more than one telephone call; (4) promoting Defendant Nuance's products or services; (5) within any 12-month period.

**Do Not Call (Revocation) Class:** All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry; (2) who expressly requested that Defendant Nuance or Defendant Infinity Contact stop making calls to him or her; (4) and more than 7 days thereafter; (4) Defendant Nuance or Defendant Infinity Contact made an additional telephone call to him or her promoting Defendant Nuance's products or services.

The proposed classes satisfy each of the requisites to class certification under Rules 23(a), 23(b)(2) and (b)(3). In particular, the classes consist of potentially thousands of individuals, making joinder of all members impracticable (numerosity); there are many questions of law and fact common to the claims of Plaintiffs and the other members of the classes, which predominate over any questions that may affect only individual class members (commonality and predominance); Plaintiffs' claims are typical of the claims of all of the other members of the classes inasmuch as they were similarly damaged as a result of Nuance's unlawful calling activities (typicality); and Plaintiffs will fairly and adequately represent and protect the interests of the members of the classes, and have retained counsel competent and experienced in complex class actions (adequacy of representation).

Similarly, class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. That is, the damages suffered by the individual

1 members of the classes are likely to be relatively small compared to the burden and expense of

2 individual prosecution of the complex litigation necessitated by Nuance's conduct. Thus, even if

3 members of the classes could sustain such individual litigation, it would still not be preferable to a

4 class action, because individual litigation would increase the delay and expense to all parties, as

5 well as the likelihood of the imposition of inconsistent obligations. Moreover, Nuance has acted

6 or refused to act on grounds generally applicable to the classes, thereby making appropriate final

7 injunctive relief with respect to the classes as a whole.

8     **B.**     **Defendant's Statement**: This action is not properly maintainable as a class action.

9 Plaintiffs' inability to meet the requirements of typicality, commonality and predominance,

10 among others, preclude certification of any of the purported classes. For example, to the extent

11 that Plaintiffs claim they did not consent and/or properly revoked their consent to be called,

12 individualized determinations may be required regarding whether any particular class member

13 consented to or properly revoked his/her consent to be called, and whether any particular class

14 member had an established business relationship with Nuance that permitted the calls at issue.

15 These class member-by-class member inquiries will predominate over any common issues.

16 A proposed schedule for Plaintiffs' class certification motion is set forth below.

17 **10.**     **Related Cases**

18 *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

19     Neither Plaintiffs nor Nuance are aware of any related cases or proceedings.

20 **11.**     **Relief**

21 *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be*

22 *calculated if liability is established.*

23     **A.**     **Plaintiffs' Statement**

24     Plaintiffs seek the following relief:

25     (a)     An order certifying the action as a Class Action and designating Plaintiffs and their

26 counsel as representatives of the Classes;

27     (b)     Injunctive relief for the Classes;

28

      (c)    Actual damages, or statutory damages in the amount of $500 per violation under 47 U.S.C. § 227(b)(3)(B), whichever is greater, with a possible trebling under § 227(b)(3)(C), on behalf of the Cell Phone (No Consent) Class and the Cell Phone (Revocation) Class;

      (d)    Actual damages, or statutory damages of up to $500 per violation under 47 U.S.C. § 227(c)(5)(B), with a possible trebling under § 227(c)(5)(C), on behalf of the Do Not Call (No Consent) Class and the Do Not Call (Revocation Class);

      (e)    An award of reasonable attorneys' fees and costs for Plaintiffs and their counsel; and,

      (f)    Such other and further relief as the Court may deem just and proper.

    **B.**    **Defendant's Statement**: Neither the named plaintiffs nor the purported classes have been injured or damaged in any way; they are not are entitled to any relief whatsoever.

## 12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiffs and Nuance agree that private mediation will be the most productive form of ADR and will confer about the appropriate timing for such mediation. Plaintiffs and Nuance agree that the ADR deadline in this case shall be December 20, 2013.

## 13. Consent to Magistrate Judge For All Purposes

*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* \_\_\_\_ YES   \_X\_ NO

Plaintiffs and Nuance respectfully decline to have a Magistrate Judge conduct all further proceedings including trial.

## 14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Plaintiffs and Nuance do not believe that the case is suitable for other reference at this time.

## 15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Neither Plaintiffs nor Nuance have any narrowed issues to report at this time, but have agreed to continue to meet and confer on an ongoing basis to determine if the issues in this case can be narrowed through stipulation or otherwise.

## 16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Plaintiffs and Nuance do not believe that this case is appropriate for an expedited schedule.

## 17. Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Plaintiffs and Nuance propose the following pre-class certification schedule:

Deadline to seek leave to amend pleadings: October 31, 2013

Deadline to complete class certification fact discovery: January 31, 2014

Plaintiffs' deadline to disclose expert witnesses and reports regarding class certification: February 7, 2014.

Defendants' deadline to disclose expert witnesses and reports regarding class certification: February 28, 2014

Deadline to complete class certification expert discovery: March 14, 2014

Plaintiffs' motion for class certification due: March 28, 2014

Defendant's opposition to class certification due: April 25, 2014

Plaintiffs' reply in support of class certification due: May 9, 2014

Class certification hearing: Late May 2014, as the Court's schedule permits.

It would be premature to set further case scheduling dates at this time. At this point, the Parties will engage in discovery relating to class certification issues. After the Court's decision

on class certification, the Parties will meet and confer regarding a case schedule and jointly propose a case schedule to the Court or request that the Court set a case management conference.

**18.    Trial**
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiffs and Nuance believe that determination of a trial schedule is premature at this time, particularly given that the scope and length of any trial will be significantly impacted by the Court's ruling on Plaintiffs' anticipated class certification motion.

**19.    Disclosure of Non-party Interested Entities or Persons**
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiffs and Nuance have each filed their respective Certificates of Interested Entities or Persons. (Dkts. 3, 8.)

**20.    Other**
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None.

**21.    Appearances at Case Management Conference**

At the Case Management Conference on November 4, 2013, Plaintiffs will be represented by Christopher L. Dore and Nuance will be represented by Margaret Mayo, each of whom have authority on behalf of their respective clients to enter into stipulations and make admissions pursuant to Fed. R. Civ. P. 16(a) and (c), and will be fully prepared to address all of the matters in the CAND CMC Order and Civil L.R. 16-10(b), as well as any other issues that the Court wishes to discuss.

//
//
//
//
//

1                      Respectfully submitted,

2    Dated: October 28, 2013      EDELSON LLC

3                      By:  /s/ Christopher L. Dore
                              Christopher L. Dore

4

5                      Attorneys for Plaintiffs

6                      WIILIAM HOPWOOD and TERESA MARTINEZ, individually and on behalf of all others similarly situated

7

8    Dated: October 28, 2013      MORRISON & FOERSTER LLP

9

10                     By:  /s/ Margaret Mayo
                               Margaret Mayo

11                      Attorneys for Defendant

12                      NUANCE COMMUNICATIONS, INC.