1  LOCKE LORD LLP
   Regina J. McClendon (SBN 184669)
2  rmcclendon@lockelord.com
   Sally W. Mimms (SBN 276093)
3  smimms@lockelord.com
   44 Montgomery Street, Suite 4100
4  San Francisco, CA  94104
   Telephone:    415-318-8810
5  Facsimile:    415-676-5816
6
7  Attorneys for Defendant
   INFINITY CONTACT, INC.
8
9                 UNITED STATES DISTRICT COURT
10              NORTHERN DISTRICT OF CALIFORNIA
11
12  WILLIAM HOPWOOD and TERESA          )   CASE NO. CV-13-2132-YGR
    MARTINEZ, individually and on behalf of all )
13  others similarly situated,                   )
                                                 )
14                          Plaintiffs,          )   INFINITY CONTACT, INC.'S ANSWER
                                                 )   TO PLAINTIFFS' FIRST AMENDED
15                                               )   CLASS ACTION COMPLAINT; DEMAND
         vs.                                     )   FOR JURY TRIAL
16                                               )
    NUANCE COMMUNICATIONS, INC., a    )
17  Delaware corporation, and INFINITY          )
    CONTACT, INC., an Iowa corporation,         )
18                                               )
                            Defendants.          )
19                                               )
20
21                            **ANSWER**
22          Defendant Infinity Contact, Inc. ("Defendant"), for its Answer to the First Amended Class
23  Action Complaint ("FAC") filed by plaintiffs William Hopwood and Teresa Martinez ("Plaintiffs"),
24  states as follows:
25                      **NATURE OF THE ACTION**
26          1.       Defendant Nuance Communications is a multinational computer software technology
27  corporation that provides speech and imaging applications, including products focused on speech
28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

recognition, telephone call steering systems, automated telephone directory services, medical transcription software, optical character recognition software, and desktop imaging software.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

2.    Defendant Infinity Contact is a third party provider of consumer telemarketing services with a focus on customer retention and acquisition. Infinity Contact asserts on its website that it "will work with you to tailor and implement multi-channel retention campaigns designed to communicate special offers, promotions, referrals, and rewards. We also recognize important milestones in your relationship with them, such as birthdays and anniversaries."

**ANSWER**:    Defendant admits that it provides telemarketing services.  Defendant asserts that its website speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

3.    Likewise, Infinity Contact asserts that it will "[m]aximize the results of your direct marketing campaigns by partnering with a proven expert in enhancing direct response programs. Each interaction is an opportunity to connect with your customers and drive more sales. You need a partner who has extensive experience in up- and cross-selling to maximize the revenue generated from every interaction."

**ANSWER**:    Defendant admits that a page on its website (http://infinitycontact.com/direct-response/) states:  "Maximize the results of your direct marketing campaigns by partnering with a proven expert in enhancing direct response programs. Each interaction is an opportunity to connect with your customers and drive more sales. You need a partner who has extensive experience in up- and cross-selling to maximize the revenue generated from every interaction."

4.    In an effort to promote and sell its various consumer and business products, Defendant Nuance worked directly with Defendant Infinity Contact to make thousands of unsolicited phone calls to consumers. Specifically, Nuance hired Infinity Contact to make telephone solicitations on its behalf.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**ANSWER**:    Defendant admits that it was hired by Nuance to make certain telephone calls on Nuance's behalf.  Defendant denies that it made unsolicited telephone solicitations.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

5.      By making the telephone calls at issue in this Complaint, Defendants caused Plaintiffs and the members of the Classes actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their phone carriers for the receipt of such telephone calls.

**ANSWER**:    Denied.

6.      Defendants repeatedly made (or directed to be made) unsolicited telephone calls to Plaintiffs' and the other members of the putative Classes' telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER**:    Denied.

7.      The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiffs filed the instant lawsuit and seek an injunction requiring Defendants to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

**ANSWER**:    The TCPA speaks for itself.  As to the remaining allegations made against Defendant in this paragraph, Defendant denies those allegations.

## PARTIES

8.      Plaintiff William Hopwood is a natural person and citizen of the State of Florida.

**ANSWER**:    Defendant admits Plaintiff William Hopwood is a person.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

9.      Plaintiff Teresa Martinez is a natural person and citizen of the State of Virginia.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1    **ANSWER**:    Defendant admits Plaintiff Teresa Martinez is a person.  Defendant lacks

2    knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

3    this paragraph and therefore denies same.

4         10.    Defendant Nuance Communications, Inc. is a corporation organized and existing

5    under the laws of the State of Delaware. Nuance Communications is a publically traded company

6    with offices worldwide, including a primary office located at 1198 East Arques Avenue, Sunnyvale,

7    California 94085. Nuance Communications is registered to do business with the California Secretary

8    of State. Defendant Nuance regularly does business throughout the State of California, in this

9    District, and nationwide.

10        **ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph and therefore denies same.

12        11.    Defendant Infinity Contact, Inc. is a corporation organized and existing under the

13   laws of the State of Iowa with its principal place of business located at 4700 Tama Street SE, Cedar

14   Rapids, Iowa 52403.  Defendant Infinity Contact regularly does business throughout the State of

15   California, in this District, and nationwide.

16        **ANSWER**:    Defendant admits that it is a corporation organized and existing under the laws

17   of the State of Iowa with its principal place of business located at 4700 Tama Street SE, Cedar

18   Rapids, Iowa 52403.  Defendant denies the remaining allegations in this paragraph.

19                              **JURISDICTION AND VENUE**

20        12.    This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as

21   the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

22        **ANSWER**:    Defendant does not dispute that this Court has subject matter jurisdiction.

23   However, Defendant denies that it violated, or is liable for any violation of, the TCPA.

24        13.    The Court has personal jurisdiction over Defendants and venue is proper in this

25   District because Defendant Nuance maintains a primary corporate office in this District, and both

26   Defendants transact significant amounts of business within this District, direct telephone calls here,

27   solicit customers here, and enter into consumer and business contracts here.

28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1   **ANSWER**:   Defendant admits that it directs telephone calls to persons in California.

2   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining

3   allegations in this paragraph.

4   **COMMON FACTUAL ALLEGATIONS**

5   14.   Defendant Nuance regularly engages in telemarketing in order to increase consumer

6   and business sales.

7   **ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the

8   truth of the allegations in this paragraph and therefore denies same.

9   15.   Defendant Infinity Contact provides a wide range of outbound and inbound

10   telemarketing services to third parties, including Defendant Nuance. These services include

11   "Customer Lifecycle", "Customer Acquisition", and "Customer Retention", as well as "B2C

12   outsourced sales programs, cross-sell and up-sell campaigns, direct response programs, appointment

13   setting and lead generation, [and] new product launches...." Infinity Contact further states that it will

14   "work hand in hand with your organization to ensure that customers receive a differentiated level of

15   service..."

16   **ANSWER**:   Defendant admits that it was hired by Nuance to make certain telephone calls

17   on Nuance's behalf.  Defendant also admits that it offers services labeled "Customer Lifecycle",

18   "Customer Acquisition", and "Customer Retention," that it once issued a press release stating that its

19   services included "B2C outsourced sales programs, cross-sell and up-sell campaigns, direct response

20   programs, appointment setting and lead generation, [and] new product launches," and that a page on

21   its website (http://infinitycontact.com/customer-retention/) states that it will "work hand in hand with

22   your organization to ensure that customers receive a differentiated level of service."  Defendant

23   lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

24   in this paragraph.

25   16.   In carrying out its various services, Infinity Contact works closely with Nuance and

26   acts as the Nuance brand (e.g., when Infinity Contact places a call it represents that it is Nuance

27   calling). Nuance provides Infinity Contact with scripts, product information, and directions on who

28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1  to call and how to interact with them. Likewise, Infinity Contact provides Nuance with detailed call

2  logs and analytics of the results of those calls.

3       **ANSWER**:      Defendant admits that it was hired by Nuance to make certain telephone calls

4  on Nuance's behalf, and that Nuance provides it with scripts, product information, and directions on

5  whom to call.  Defendant also admits that it keeps call logs for the calls that it makes.  Defendant

6  lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

7  in this paragraph.

8       17.     However, in their joint efforts to obtain and retain customers, Defendants cast their

9  net too wide and use overly aggressive sales tactics. They not only place calls to consumers who

10  never purchased a Nuance product, but also make repeated calls to consumers who, regardless of

11  whether they purchased a Nuance product, have made express requests to no longer receive

12  telephone calls from Defendants, requested that their contact information be removed from

13  Defendants' databases, or both.

14       **ANSWER**:      Denied.

15       18.     Plaintiffs and the members of the putative Classes either did not provide Defendants

16  informed and express consent to receive calls from Defendants, or revoked (on multiple occasions)

17  any purported consent.

18       **ANSWER**:      Denied.

19       19.     Regardless, Plaintiffs and members of the putative Classes received repeated and

20  unwanted telephone calls from Defendants, each promoting Defendant Nuance's products and

21  services. In fact, online complaint websites are filled with hundreds of complaints regarding the

22  receipt of unwanted calls from or on behalf of Defendant Nuance.

23       **ANSWER**:      Denied.

24       20.     Defendants, through Defendant Infinity Contact's call centers, utilized an automatic

25  telephone dialing system to place the telephone calls to members of the Classes. Specifically, the

26  hardware and software used by Defendants has the capacity to generate and store random numbers,

27  or store lists of telephone numbers, and to dial those numbers, en masse, in an automated fashion

28

without human intervention. Defendants' automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers.

**ANSWER**:     Denied.

21.     Through an automated message plays when a call is placed to Nuance (or Infinity Contact representing itself as Nuance) at (866) 771-6288, a consumer has the option to have his or her phone number removed from Defendant Nuance's database. The automated message expressly states that a removal request "will be processed within 7 days or less." As such, Defendants self-identify what they believe to be the reasonable (and maximum) time necessary to process an opt-out request.

**ANSWER**:     Defendant admits that an automated message may pick up when (866) 771-6288 is called, if it is after business hours or all representatives are busy.  Defendant also admits that the message permits a consumer to press 1 and then enter their phone number to have it removed from Nuance's calling list.  Defendant also admits that the automated message states that a removal request "will be processed within seven days or less."  Defendant denies the remaining allegations in this paragraph.

### FACTS SPECIFIC TO PLAINTIFF HOPWOOD

22.     Plaintiff Hopwood has purchased several Nuance products since 2006.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

23.     As part of those purchases, Plaintiff Hopwood created an account with Nuance and registered his products.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

24.     Plaintiff Hopwood did not consent to receive telemarketing calls from Defendants. Plaintiff Hopwood's cell phone number is not listed in and does not appear in his Nuance online account.  Likewise, Plaintiff Hopwood's "communication preferences" in his online account indicate

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1    that he is only interested in receiving communications by email, and not by telephone.

2       **ANSWER**:    Defendant denies the first sentence of this paragraph.  Defendant lacks

3    knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

4    this paragraph and therefore denies same.

5       25.    Starting at least as early at November 2012, Defendants began placing telephone calls

6    to Plaintiff Hopwood's cellular telephone from the phone number (866) 459-2530. The telemarketer

7    attempted to sell Plaintiff a product he had already purchased.

8       **ANSWER**:    Defendant admits that it placed calls to Plaintiff Hopwood beginning in

9    November 2012.  Defendant lacks knowledge or information sufficient to form a belief as to the

10   truth of the remaining allegations in this paragraph and therefore denies same.

11      26.    On a call with Defendants occurring in or around November 2012, Plaintiff Hopwood

12   expressly requested that he no longer be called by Defendants and that his information be removed

13   from their call database.

14      **ANSWER**:    Denied.

15      27.    Plaintiff Hopwood thereafter received a telemarketing call from Defendants on

16   January 23, 2013, from the phone number (866) 771-6288, wherein he again requested to no longer

17   be called.

18      **ANSWER**:    Defendant admits calling Plaintiff Hopwood on January 23, 2013.  As to the

19   remaining allegations made against Defendant in this paragraph, Defendant denies those allegations.

20      28.    Plaintiff Hopwood received additional calls from Defendants on February 19,

21   February 20, and February 22, 2013. These calls also came from (866) 771-6288.

22      **ANSWER**:    Defendant admits calling Plaintiff Hopwood on February 19, February 20, and

23   February 22, 2013.  Defendant lacks knowledge or information sufficient to form a belief as to the

24   truth of the remaining allegations in this paragraph and therefore denies same.

25      29.    Defendants placed additional calls to Plaintiff Hopwood between November 2012 and

26   February 2013 that Plaintiff Hopwood did not answer.

27

28

**ANSWER**:   Defendant admits placing calls to Plaintiff Hopwood between November 2012 and February 2013 that he did not answer.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same..

30.   Plaintiff Hopwood's cellular telephone number has been registered with the National Do Not Call Registry since at least 2008.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

31.   The calls Plaintiff Hopwood received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendants' calls utilized interactive voice recognition technology, also known as a predictive dialer, in which calls are placed by a machine, and when a consumer answers the phone, there is a noticeable pause prior to the recipient being connected to a live representative of Defendants. This technology, on information and belief, dials several numbers simultaneously and connects the call to only those who answer first.

**ANSWER**:   Denied.

32.   Defendants were and are aware that the above described telephone calls were and are being made to consumers who had expressly requested to no longer receive them.

**ANSWER**:   Denied.

**FACTS SPECIFIC TO PLAINTIFF MARTINEZ**

33.   Plaintiff Martinez has never purchased a Nuance product.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

34.   Since at least 2011, Plaintiff Martinez has received numerous calls from Defendants on her landline telephone, each of which is a sales call attempting to sell Plaintiff a Nuance product.

**ANSWER**:   Defendant denies that it has ever attempted to call Plaintiff Martinez or to sell her a Nuance product.  Defendant admits that it reached Plaintiff Martinez by phone in 2011, but in

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT
*Hopwood v. Nuance Communications, et al.*, Case No. CV-13-2132-YGR

each instance Defendant was trying to reach another person who had provided the telephone number that Plaintiff Martinez answered.  Defendant denies the remaining allegations in this paragraph.

35.    Plaintiff Martinez has, on multiple occasions, indicated that she never purchased a Nuance product and requested that her telephone number be taken off Defendants' call list.

**ANSWER**:    Denied.

36.    Most recently, Plaintiff Martinez received a call from (866) 771-6288 on February 11, 2013, which she did not answer. That same day, Plaintiff Martinez placed a call to Defendants and specifically requested that her number be removed from its list. She also indicated that she never purchased a Nuance product and never consented to receive calls. The telemarketer provided Plaintiff Martinez with a confirmation number for her opt-out request. When Plaintiff Martinez requested the telemarketer's name and employee ID, the telemarketer stopped talking and hung up.

**ANSWER**:    Defendant admits that it placed a phone call on February 11, 2013 to the number that Plaintiff Martinez complains of.  Defendant denies that it received any phone call from Plaintiff Martinez on February 11, 2013 and denies the remaining allegations in this paragraph.

37.    On February 14, 2013, Plaintiff Martinez again received a call from Defendants from the number (866) 771-6288. Defendants thereafter called her again on February 20, 2013.

**ANSWER**:    Defendant admits that it placed phone calls on February 14, 2013 and February 20, 2013 to the number that Plaintiff Martinez complains of.  In each instance, it reached an answering machine.  Defendant denies the remaining allegations in this paragraph.

38.    Defendants called Plaintiff Martinez yet again on February 22, 2013. One month later, on March 21, 2013, Defendants placed another call to Plaintiff Martinez. Defendants placed an additional call to Plaintiff Martinez on March 26, 2013.

**ANSWER**:    Defendant admits that it placed phone calls on February 22, 2013, March 21, 2013, and March 26, 2013 to the number that Plaintiff Martinez complains of.  In each instance, it was told that the person it was trying to reach was not available.  Defendant denies the remaining allegations in this paragraph.

39.    Finally, and most recently, Defendants called Plaintiff Martinez on April 25, 2013.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   Plaintiff Martinez answered this call (believing it was from a relative), and again informed the

2   telemarketer that the person Defendants were calling for did not live there, and again asked that

3   Defendants stop calling. The telemarketer informed Plaintiff Martinez that it was the first time

4   Defendants had called her. Plaintiff Martinez objected to that statement and asked to speak with a

5   supervisor. The supervisor stated that he would "personally remove" her numbers from Defendants'

6   call list.

7        **ANSWER**:     Defendant admits that on April 25, 2013, Defendant called a number which

8   Plaintiff Martinez answered, and was informed that the person who had provided that number could

9   not be reached at that number.  Defendant further admits that on April 25, 2013, it was asked to and

10  agreed to (and did) remove the number from its call list.  Defendant denies that it previously

11  received any removal request from Plaintiff Martinez and denies that it was attempting to reach

12  Plaintiff Martinez.  Defendant denies that it represented that it was the first time it had called the

13  phone number of which Plaintiff Martinez complains.  Defendant lacks knowledge or information

14  sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore

15  denies same.

16       40.     Plaintiff Martinez's landline telephone number has been registered with the National

17  Do Not Call Registry for several years prior to the receipt of the relevant calls from Defendants.

18       **ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph and therefore denies same.

20       41.     Plaintiff Martinez never consented to, requested, or otherwise desired or permitted

21  Defendants to make calls to her telephone for any purpose.

22       **ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph and therefore denies same.

24       42.     Defendants were and are aware that the above-described telephone calls were and are

25  being made to consumers without those consumers' prior express consent and that calls were being

26  made to consumers who had expressly requested to no longer receive them.

27       **ANSWER**:     Denied.

28

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT
*Hopwood v. Nuance Communications, et al.*, Case No. CV-13-2132-YGR

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

# CLASS ALLEGATIONS

43.     Plaintiff Hopwood brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class defined as follows:

**Cell Phone (No Consent) Class**: All individuals in the United States to whom Defendant Nuance or Defendant Infinity Contact (1) placed a telephone call promoting Defendant Nuance's products or services; (2) to his or her cellular telephone; (3) who never consented to receive telephone calls from Defendant Nuance or Defendant Infinity Contact.

Plaintiff Hopwood brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class defined as follows:

**Cell Phone (Revocation) Class**: All individuals in the United States to whom Defendant Nuance or Defendant Infinity Contact (1) placed a telephone call promoting Defendant Nuance's products or services; (2) to his or her cellular telephone; (3) who expressly requested that Defendants stop making calls to him or her; (4) and more than 7 days thereafter; (5) Defendant Nuance or Defendant Infinity Contact made an additional telephone call to his or her cellular telephone.

Plaintiffs jointly bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and a class defined as follows:

**Do Not Call (No Consent) Class**: All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry; (2) who never consented to receive telephone calls from Defendant Nuance or Defendant Infinity Contact; (3) to whom Defendant Nuance or Defendant Infinity Contact made more than one telephone call; (4) promoting Defendant Nuance's products or services; (5) within any 12-month period.

Plaintiffs jointly bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and a class defined as follows:

**Do Not Call (Revocation) Class**: All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry; (2) who expressly requested that Defendant Nuance or Defendant Infinity Contact stop making calls to him or her; (4) and more than 7 days thereafter; (4) Defendant Nuance or Defendant Infinity Contact made an additional telephone call to him or her promoting Defendant Nuance's products or services.

Excluded from the Classes are 1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current and former employees, officers, and directors, 2) the Judge or Magistrate Judge to

whom this case is assigned and the Judge's or Magistrate Judge's immediate family, 3) persons who execute and file a timely request for exclusion, 4) the legal representatives, successors, or assigns of any such excluded person; and 5) Plaintiffs' counsel and Defendants' counsel.

**ANSWER**:   Defendant admits that Plaintiff seeks certification of a class under Federal Rule of Civil Procedure 23 but denies that it violated, or is liable for any violation of, the TCPA. Defendant also denies that this case is suitable for class certification.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

44.   **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have made telephone calls to thousands of consumers who fall into the definitions of the Classes. Class members can be identified through Defendants' records.

**ANSWER**:   Denied.

45.   **Typicality**: Plaintiffs' claims are typical of the claims of other members of the Classes, in that Plaintiffs and the members of the Classes sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

**ANSWER**:   Denied.

46.   **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiffs.

**ANSWER**:   Denied.

47.   **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

(a)   whether Defendants' conduct constitutes a violation of the TCPA;

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

(b)     whether the equipment Defendants used to make telephone calls to members of the Cell Phone (No Consent) Class and the Cell Phone (Revocation) Class was an automatic telephone dialing system as contemplated by the TCPA;

(c)     whether Defendants systematically made telephone calls to members of the Cell Phone (No Consent) Class and the Do Not Call (No Consent) Class who did not previously provide Defendants with their prior express consent to receive such telephone calls;

(d)     whether Defendants made telephone calls to members of the Cell Phone (Revocation) Class and the Do Not Call (Revocation) Class more than seven days after they requested to no longer receive telephone calls from them;

(e)     whether Defendants systematically made telephone calls to members of the Do Not Call (No Consent) Class and the Do Not Call (Revocation) Class whose telephone numbers were registered with the National Do Not Call Registry;

(e)     whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

**ANSWER**:     Denied.

48.     **Superiority:** This case is also appropriate for class certification as class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense required for individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.

1  Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

2      **ANSWER**:   Denied.

3  <u>**COUNT I**</u>

4  **Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**

5  **(On behalf of Plaintiff Hopwood, the Cell Phone (No Consent) Class,**

6  **and the Cell Phone (Revocation) Class)**

7      49.   Plaintiff Hopwood incorporates by reference the foregoing allegations as if fully set

8  forth herein.

9      **ANSWER**:   Defendant incorporates by reference the foregoing responses as if fully set

10  forth herein.

11      50.   Defendants made, or directed to be made, unsolicited telephone calls to cellular

12  telephone numbers belonging to Plaintiff Hopwood and other members of the Cell Phone (No

13  Consent) Class without their prior express consent to receive such calls.

14      **ANSWER**:   Denied.

15      51.   Defendants also made unsolicited telephone calls to cellular telephone numbers

16  belonging to Plaintiff Hopwood and other members of the Cell Phone (Revocation) Class more than

17  seven days after they expressly requested to no longer receive telephone calls from Defendants. As

18  such, the calls made to Cell Phone (Revocation) Class members after they revoked any purported

19  consent were made without Plaintiff Hopwood and the Cell Phone (Revocation) Class members'

20  prior express consent to receive such calls.

21      **ANSWER**:   Denied.

22      52.   Defendants made the telephone calls, or directed them to be made, using equipment

23  that had the capacity to store or produce telephone numbers to be called using a random or

24  sequential number generator, and to dial such numbers.

25      **ANSWER**:   Denied.

26      53.   Defendants utilized equipment that made, or had made on its behalf, the telephone

27  calls to Plaintiff Hopwood and other members of the Cell Phone (No Consent) Class and Cell Phone

28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1   (Revocation) Class simultaneously and without human intervention.

2       **ANSWER**:      Defendant admits that it placed calls to certain persons on Nuance's behalf

3   whose telephone numbers were provided by Nuance, and that answered calls would be connected to

4   an available employee of Defendant.  Defendant further admits that it placed certain calls to Plaintiff

5   Hopwood.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of

6   the remaining allegations in this paragraph and therefore denies same.

7       54.      By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff

8   Hopwood and the Cell Phone (No Consent) Class members' cellular telephones without their prior

9   express consent, and by utilizing an automatic telephone dialing system to make those calls,

10  Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

11      **ANSWER**:      Denied.

12      55.      By making, or directing to be made, the unsolicited telephone calls to Plaintiff

13  Hopwood and the Cell Phone (Revocation) Class members' cellular telephones more than seven

14  days after the requests were made to stop such calls (thereby revoking any purported consent), and

15  by utilizing an automatic telephone dialing system to make those calls, Defendants have violated 47

16  U.S.C. § 227(b)(1)(A)(iii).

17      **ANSWER**:      Denied.

18      56.      As a result of Defendants' unlawful conduct, Plaintiff Hopwood and the members of

19  the Cell Phone (No Consent) Class and the Cell Phone (Revocation) Class suffered actual damages

20  in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and

21  under section 227(b)(3)(B) are each entitled to, inter alia, a minimum of $500 in damages for each

22  such violation of the TCPA.

23      **ANSWER**:      Denied.

24      57.      Should the Court determine that Defendants' conduct was willful and knowing, the

25  Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by

26  Plaintiff Hopwood and the other members of the Cell Phone (No Consent) Class and the Cell Phone

27  (Revocation) Class.

28

1   **ANSWER**:   Denied.

2   ## COUNT II

3   ### Violation of the TCPA, 47 U.S.C. § 227(c)(5)

4   ### (On behalf of Plaintiffs, the Do Not Call (No Consent) Class,

5   ### and the Do Not Call (Revocation) Class)

6       58.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth

7   herein.

8       **ANSWER**:   Defendant incorporates by reference the foregoing responses as if fully set

9   forth herein.

10      59.     47 U.S.C. §227(c) provides that any "person who has received more than one

11  telephone call within any 12-month period by or on behalf of the same entity in violation of the

12  regulations prescribed under this subsection may," bring a private action based on a violation of said

13  regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid

14  receiving telephone solicitations to which they object.

15      **ANSWER**:   47 U.S.C. §227(c) speaks for itself.  To the extent that any of the allegations

16  in this paragraph can be construed as alleging or supporting a claim against Defendant, Defendant

17  denies those allegations.

18      60.     The Telephone Consumer Protection Act's implementing regulation, 47 C.F.R. §

19  64.1200(c), provides that "No person or entity shall initiate any telephone solicitation" to "É(2) A

20  residential telephone subscriber who has registered his or her telephone number on the national do-

21  not-call registry of persons who do not wish to receive telephone solicitations that is maintained by

22  the federal government."

23      **ANSWER**:   47 C.F.R. §64.1200(c) speaks for itself.  To the extent that any of the

24  allegations in this paragraph can be construed as alleging or supporting a claim against Defendant,

25  Defendant denies those allegations.

26      61.     47 C.F.R. §64.1200 (e), provides that §64.1200 (c) and (d) "are applicable to any

27  person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers

28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1  to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153,

2  'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which

3  Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

7  **ANSWER**:      47 C.F.R. §64.1200(e) speaks for itself.  To the extent that any of the

8  allegations in this paragraph can be construed as alleging or supporting a claim against Defendant,

9  Defendant denies those allegations.

10       62.      47 C.F.R. § 64.1200(d) further provides that "No person or entity shall initiate any

11  call for telemarketing purposes to a residential telephone subscriber unless such person or entity has

12  instituted procedures for maintaining a list of persons who request not to receive telemarketing calls

13  made by or on behalf of that person or entity. The procedures instituted must meet the following

14  minimum standards:

> (1)      Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2)      Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3)      Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. . . .
>
> (4)      Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> (5)      Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

18

(6)     Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

**ANSWER**:     47 C.F.R. § 64.1200 (d) speaks for itself.  To the extent that any of the allegations in this paragraph can be construed as alleging or supporting a claim against Defendant, Defendant denies those allegations.

63.     Defendants violated § 64.1200 (c) by initiating telephone solicitations to wireless and residential telephone subscribers, such as Plaintiffs, the Do Not Call (No Consent) Class members, and the Do Not Call (Revocation) Class members, who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested not to receive calls from Defendants, as set forth in § 64.l200 (d)(3).

**ANSWER**:     As to the allegations made against Defendant in this paragraph, Defendant denies those allegations.

64.     Defendants made, or directed to be made, more than one unsolicited telephone call to Plaintiff Martinez and members of the Do Not Call (No Consent) Class within a 12-month period, without their prior express consent to receive such calls. Plaintiff Martinez and members of the Do Not Call (No Consent) Class never provided any form of consent, at any time, to receive telephone calls from Defendants.

**ANSWER**:     As to the allegations made against Defendant in this paragraph, Defendant denies those allegations.

65.     Defendants affirmatively and publically represent that any request to no longer be called by Defendants will be honored within seven days or less. As such, for purposes of 47 C.F.R. § 64.1200 (d), Defendants identifies seven days as a reasonable time period to honor a consumer's do-not-call request.

**ANSWER**:     Defendant admits that an automated message may pick up when (866) 771-6288 is called, if it is after business hours or all representatives are busy.  Defendant also admits that the message permits a consumer to press 1 and then enter their phone number to have it removed

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1    from Nuance's calling list.  Defendant also admits that the automated message states that a removal

2    request "will be processed within seven days or less."  Defendant denies the remaining allegations in

3    this paragraph.

4        66.    Plaintiffs and members of the Do Not Call (Revocation) Class expressly requested

5    that Defendants no longer place calls to them, after which Defendants failed to place Plaintiffs and

6    members of the Do Not Call (Revocation) Class on Defendants' internal do-not-call list (or failed to

7    do so within its stated seven-day time period).

8        **ANSWER**:    Denied.

9        67.    More than seven days following Plaintiffs' and members of the Do Not Call

10   (Revocation) Class's express requests to not receive calls from Defendants, Defendants placed

11   additional calls to them without their consent and in violation of their request not to be called.

12       **ANSWER**:    Denied.

13       68.    Defendants violated § 64.1200 (d) by initiating calls for telemarketing purposes to

14   residential and wireless telephone subscribers, such as Plaintiffs, the Do Not Call (No Consent)

15   Class, and the Do Not Call (Revocation) Class, without instituting procedures that comply with the

16   regulatory minimum standards for maintaining a list of persons who request not to receive

17   telemarketing calls from them.

18       **ANSWER**:    Denied.

19       69.    Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiffs, the Do Not Call (No

20   Consent) Class, and the Do Not Call (Revocation) Class received more than one telephone call

21   within a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. §

22   64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiffs, the Do

23   Not Call (No Consent) Class, and the Do Not Call (Revocation) Class suffered actual damages and,

24   under section 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up to $500 in damages for

25   such violations of § 64.1200.

26       **ANSWER**:    Denied.

27       70.    To the extent Defendants' misconduct is determined to be willful and knowing, the

28

Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call (No Consent) Class and the Do Not Call (Revocation) Class.

**ANSWER**:   Denied.

## AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.      Defendant is informed and believes, and on such information and belief alleges, that the claims asserted by Plaintiffs and/or the putative class are barred, in whole or in part, because Plaintiffs' FAC fails to state a claim against Defendant on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Express Consent)

2.      Defendant is informed and believes, and on such information and belief alleges, that the claims asserted by Plaintiffs and/or the putative class are barred, in whole or in part, because prior express consent was given by Plaintiffs and/or the putative class to any calls made by Defendant such that there was no violation of 47 U.S.C. § 227 (the "TCPA").  *See* 47 U.S.C § 227(b)(1)(A)(iii).

## THIRD AFFIRMATIVE DEFENSE

(No Actual Damages)

3.      Defendant is informed and believes, and on such information and belief alleges, that the claims asserted by Plaintiffs and/or the putative class are barred, in whole or in part, because Plaintiffs suffered no actual monetary loss as defined in 47 U.S.C. § 227(b)(3)(A) as a result of any conduct of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

(No Proximately Caused Damages or Prejudice)

4.      Defendant is informed and believes, and on such information and belief alleges, that the claims asserted by Plaintiffs and/or the putative class are barred, in whole or in part, because Plaintiffs suffered no damages proximately caused by any alleged acts of Defendant.  In the

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1 alternative, Defendant is informed and believes, and on such information and belief alleges, that the

2 claims asserted by Plaintiffs and/or the putative class are barred, in whole or in part, because

3 Plaintiffs' alleged damages were proximately caused by (a) the conduct, negligent acts or omissions,

4 and/or fault of Plaintiffs, and/or (b) the conduct, negligent acts or omissions, and/or fault of third

5 parties over whom Defendant had no right or duty to control.

6 **FIFTH AFFIRMATIVE DEFENSE**

7 (Statute of Limitations)

8     5.    Defendant is informed and believes, and on such information and belief alleges, that

9 the claims asserted by Plaintiffs and/or the putative class are barred, in whole or in part, by

10 applicable statutes of limitation and repose, including but not limited to 28 U.S.C. § 1658(a).

11 **SIXTH AFFIRMATIVE DEFENSE**

12 (Standing)

13     6.    Defendant is informed and believes, and on such information and belief alleges, that

14 the claims asserted by Plaintiffs and/or the putative class are barred, in whole or in part, because

15 Plaintiffs and/or the putative class lack standing to bring them.  Among other things, Plaintiff

16 Martinez was not the intended recipient of any call from Defendant, and thus lacks standing to bring

17 claims against Defendant under the TCPA.  *See* 47 U.S.C. § 227(b)(1)(A)(iii); *see also Leyse v. Bank*

18 *of America, N.A*., No. 09-7654, 2010 WL 2382400, *3 (S.D.N.Y. June 14, 2010); *Cellco P'ship v.*

19 *Dealers Warranty, LLC*, No. 09-1814, 2010 WL 3946713, *9-10 (D.N.J. Oct. 5, 2010).

20 **SEVENTH AFFIRMATIVE DEFENSE**

21 (No Vicarious Liability)

22     7.    Defendant is informed and believes, and on such information and belief alleges, that

23 to the extent any of Plaintiffs' damages were caused by agents or employees of Defendant in direct

24 contravention to established company policies, such conduct by such agents or employees was

25 unauthorized, outside the ambit of their direct duties, and not in furtherance, but in direct

26 contravention, of Defendant's policies.  Thus, Defendant is not vicariously liable for such acts.

27

28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**EIGHTH AFFIRMATIVE DEFENSE**

(Indemnification/Responsibility of Third Parties)

8.      Defendant is informed and believes, and on such information and belief alleges, that, to the extent Defendant is liable to Plaintiffs and/or the putative class for any damages, Defendant is entitled to indemnification from one or more third parties because one or more third parties is responsible for the acts complained of herein.

**NINTH AFFIRMATIVE DEFENSE**

(Vagueness; Reservation of Other Affirmative Defenses)

9.      The FAC does not describe the claims made against Defendant with sufficient particularity to enable Defendant to determine each and every affirmative defense it may have at this time.  Defendant therefore reserves the right to assert any additional defenses, including affirmative defenses, which may be discovered or become relevant once the precise nature of Plaintiffs' claims have been ascertained.  Defendant also reserves all separate and independent affirmative defenses that it may have against any one or more of the putative class members.

**WHEREFORE**, Defendant denies that Plaintiffs or the putative class are entitled to judgment or relief in any amount or of any type against Defendant, and respectfully requests entry of judgment in its favor on all counts asserted in Plaintiffs' FAC.

Dated:  December 16, 2013                    Respectfully submitted,

                                            LOCKE LORD LLP


                                            By: /s/ Regina J. McClendon
                                                Regina J. McClendon
                                                Sally W. Mimms
                                            Attorneys for Defendant
                                            INFINITY CONTACT, INC.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

## DEMAND FOR JURY TRIAL

Defendant Infinity Contact, Inc. hereby demands trial by jury.

Dated:  December 16, 2013                    Respectfully submitted,

LOCKE LORD LLP


By: */s/ Regina J. McClendon*
    Regina J. McClendon
    Sally W. Mimms
Attorneys for Defendant
INFINITY CONTACT, INC.

SF 45844v.2

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT
*Hopwood v. Nuance Communications, et al.*, Case No. CV-13-2132-YGR