1   PAUL T. FRIEDMAN (SBN 98381)
    pfriedman@mofo.com
2   TIFFANY CHEUNG (SBN 211497)
    tcheung@mofo.com
3   MARGARET MAYO (SBN 259685)
    mmayo@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, CA  94105
    Telephone:  (415) 268-7000
6   Facsimile:  (415) 268-7522

7   *Attorneys for Defendant*
    NUANCE COMMUNICATIONS, INC.

8

9

10

11                    **UNITED STATES DISTRICT COURT**

12                   **NORTHERN DISTRICT OF CALIFORNIA**

13

14   WILLIAM HOPWOOD and TERESA          Case No.  CV-13-2132-YGR
     MARTINEZ, individually and on behalf of all
15   others similarly situated,          **DEFENDANT NUANCE
                                         COMMUNICATIONS, INC.'S
16                  Plaintiffs,          NOTICE OF MOTION AND PARTIAL
                                         MOTION TO DISMISS FIRST
17          v.                           AMENDED COMPLAINT;
                                         MEMORANDUM OF POINTS AND
18   NUANCE COMMUNICATIONS, INC., a      AUTHORITIES IN SUPPORT
     Delaware corporation, and INFINITY  THEREOF
19   CONTACT, INC., an Iowa corporation,
                                         Judge:   Hon. Yvonne Gonzalez Rogers
20                  Defendants.          Date:    February 4, 2014
                                         Time:    2:00 p.m.
21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 4, 2014, at 2:00 p.m., before the Honorable Yvonne Gonzalez Rogers, in the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California 94612, Courtroom 5, Second Floor, Defendant Nuance Communications, Inc. ("Nuance") will and hereby does move this Court to dismiss Plaintiff Teresa Martinez's claims and Plaintiff William Hopwood's claims under 47 U.S.C. § 227(c) in the First Amended Complaint.

Defendant Nuance moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) on the grounds that Plaintiff Teresa Martinez lacks standing, and both Plaintiffs have failed to state a claim under 47 U.S.C. § 227(c). This motion is based on this Notice of Motion, Memorandum of Points and Authorities, the Declarations of Robert C. Byers, Jr. and Margaret Mayo submitted herewith, and any other evidence and argument offered in support of this motion.

**STATEMENT OF ISSUES TO BE DECIDED**

(1)     Whether Plaintiff William Hopwood has failed to state a claim under 47 U.S.C. § 227(c), and whether his claim based on alleged calls to a number listed on the Do Not Call registry therefore must be dismissed under Rule 12(b)(6).

(2)     Whether Plaintiff Teresa Martinez lacks standing to assert her claim under 47 U.S.C. § 227, and whether her claim therefore must be dismissed under Rule 12(b)(1).

(3)     Whether Plaintiff Teresa Martinez has failed to state a claim under 47 U.S.C. § 227, and whether her claim therefore must be dismissed under Rule 12(b)(6).

Dated: December 16, 2013                    MORRISON & FOERSTER LLP

By: _____
        Margaret Mayo

        Attorneys for Defendant
        NUANCE COMMUNICATIONS, INC.

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS ................................................ i

STATEMENT OF ISSUES TO BE DECIDED ........................................................................ i

TABLE OF AUTHORITIES ............................................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

INTRODUCTION .............................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................. 2

      A.    Plaintiff William Hopwood ...................................................................... 2

      B.    Plaintiff Teresa Martinez .......................................................................... 2

LEGAL STANDARD .......................................................................................................... 2

ARGUMENT .................................................................................................................... 3

I.       PLAINTIFF HOPWOOD'S CLAIM UNDER 47 U.S.C. § 227(C)
       SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM. ............................ 3

II.      PLAINTIFF MARTINEZ'S CLAIMS SHOULD BE DISMISSED. ............................... 4

      A.    Dismissal Under Rule 12(b)(1) Is Required Because Plaintiff
            Martinez Does Not Have Standing. ........................................................... 4

      B.    Dismissal Under Rule 12(b)(6) Is Required Because Plaintiff
            Martinez Has Failed to State a Claim under the TCPA. ........................... 6

CONCLUSION .................................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................. 3

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................. 3

*Cellco P'ship v. Dealers Warranty, LLC*,
No. 09-1814, 2010 U.S. Dist. LEXIS 106719 (D.N.J. Oct. 4, 2010) ........................... 2, 3, 5, 6

*j2 Global Commc'ns, Inc. v. Protus IP Solutions*,
No. CV 06-00566, 2010 U.S. Dist. LEXIS 145369 (C.D. Cal. Oct. 1, 2010) ..................... 4, 6

*Kingman Reef Atoll Invs., L.L.C. v. United States*,
541 F.3d 1189 (9th Cir. 2008) ..................................................................................... 3

*Kopff v. World Research Group, LLC*,
568 F. Supp. 2d 39 (D.D.C. 2008) .............................................................................. 5

*Leyse v. Bank of Am.*,
No. 09-7654, 2010 U.S. Dist. LEXIS 58461 (S.D.N.Y. June 14, 2010) ..................... 3, 4, 5, 6

*Martin v. PPP, Inc.*,
719 F. Supp. 2d 967 (N.D. Ill. 2010) .......................................................................... 5

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011) .................................................................................... 3

*Meadows v. Franklin Collection Serv, Inc.*,
414 F. App'x 230 (11th Cir. 2011) ............................................................................. 6

*Warren v. Fox Family Worldwide, Inc.*,
328 F.3d 1136 (9th Cir. 2003) ................................................................................... 3, 5

STATUTES

47 U.S.C.
§ 227 ............................................................................................................................ 1
§ 227(b) ....................................................................................................................... 1
§ 227(c) ............................................................................................................... 1, 3, 4, 7

**OTHER AUTHORITIES**

47 C.F.R.

§ 64.1200(c) ................................................................................................ 4
§ 64.1200(c)(2) ......................................................................................... 1, 3
§ 64.1200(f)(5) ............................................................................................ 4
§ 64.1200(f)(14) ........................................................................................... 1
§ 64.1200(f)(14)(ii) ..................................................................................... 4

Fed. R. Civ. P.

Rule 12(b)(1) ..................................................................................... *passim*
Rule 12(b)(6) ............................................................................................ 1, 3, 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiffs assert claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in the First Amended Complaint ("FAC").  Specifically, Plaintiff William Hopwood ("Hopwood") asserts claims under 47 U.S.C. § 227(b) and (c) based on calls made to his cell phone, and Plaintiff Teresa Martinez ("Martinez") asserts a claim under 47 U.S.C. § 227(c) based on calls made to her residential landline.  Plaintiffs' claims under section 227(c) involve allegations that Defendants caused or made calls to phone numbers listed in the national Do Not Call registry.  Both of Hopwood's and Martinez's claims under 47 U.S.C. § 227(c) are fatally flawed.

Plaintiff Hopwood's claim under 47 U.S.C. § 227(c) fails on the face of the Complaint because Hopwood has not pled facts showing that he received a "telephone solicitation" as defined by the relevant regulations.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2), (f)(14).  "Telephone solicitations" cannot be made to persons with whom Nuance had an "established business relationship."  Hopwood admits that he has purchased "several Nuance products since 2006."  (FAC ¶ 22.)  Because Hopwood has not pled facts establishing that Nuance initiated a "telephone solicitation" to him, Hopwood's claims under 47 U.S.C. § 227(c) should be dismissed.

Plaintiff Martinez's claim is based on calls made to her residential landline.  Ms. Martinez, however, does not have standing to assert a TCPA claim based on the alleged calls because she was ***not*** the intended recipient of such calls.  Rather, the evidence shows that the intended recipient of those calls was Ted Bilich—who appears to be Martinez's ex-husband.  As only the "called party" (*i.e.*, the intended recipient) has standing to assert a TCPA claim, Martinez does not have standing to bring a TCPA claim based on calls made to Mr. Bilich.

For the foregoing reasons, pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6), Defendant Nuance Communications, Inc. ("Nuance") moves to dismiss all claims based on section 227(c) in Plaintiffs' First Amended Complaint.

**FACTUAL BACKGROUND**

**A.      Plaintiff William Hopwood**

Plaintiff Hopwood alleges that he received phone calls on his cell phone and that his cell phone number has been registered with the National Do Not Call Registry since "at least 2008." (FAC ¶¶ 25-30.)  Hopwood admits, however, that he has purchased several Nuance products since 2006.  (*Id*. ¶ 22.)

**B.      Plaintiff Teresa Martinez**

Plaintiff Martinez alleges that she has never purchased a Nuance product, and that she has received "numerous" calls from Defendants on her landline telephone regarding Nuance's products.  (FAC ¶¶ 33-34.)  Defendants' records show, however, that the intended recipient of these calls was Ted Bilich.  Upon information and belief, Mr. Bilich is Plaintiff's ex-husband and was associated with the phone number at which Martinez allegedly received calls during the relevant time period.[1]  Specifically, Defendant Nuance's records show that Mr. Bilich is a Nuance customer and that the phone number at which Martinez allegedly received calls was associated with Mr. Bilich.  (Declaration of Robert C. Byers, Jr. ¶¶ 2-3, filed herewith; Declaration of Margaret Mayo ¶ 2, filed herewith.)  Moreover, even the allegations in the Complaint show that Plaintiff was not the intended recipient of the calls, as Martinez alleges that on the last call she received, she informed the caller that  "the person Defendants were calling for did not live there." (FAC ¶ 39.)

**LEGAL STANDARD**

Dismissal under Rule 12(b)(1) is required where the Court lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  In order for a federal court to have subject-matter jurisdiction, the plaintiff must have standing to bring the action.  *Cellco P'ship v. Dealers Warranty, LLC*, No. 09-1814, 2010 U.S. Dist. LEXIS 106719, at *24 (D.N.J. Oct. 4, 2010). A motion to dismiss under Rule 12(b)(1) may be made either on the face of the complaint or by

---

[1] These assertions are supported by documents from court proceedings in family court and a LexisNexis Accurint report containing information regarding Ted Bilich.  (Declaration of Margaret Mayo, Exs. A, B.)

presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Where a jurisdictional attack under Rule 12(b)(1) is based on extrinsic evidence, "no presumptive truthfulness attaches to plaintiff's allegations." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). Whether a plaintiff has standing under the TCPA may be raised on a 12(b)(1) motion. *Leyse v. Bank of Am.*, No. 09-7654, 2010 U.S. Dist. LEXIS 58461, at *7-8 (S.D.N.Y. June 14, 2010) ("The issue in this case is whether the defendant's alleged violation of the TCPA was an invasion of the plaintiff's legally protected interest such that the plaintiff has suffered an injury in fact sufficient for standing."); *see also Cellco P'ship*, 2010 U.S. Dist. LEXIS 106719, at *12.

Dismissal under Rule 12(b)(6) is required where a plaintiff fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The complaint must allege facts which, when taken as true, raise more than a speculative right to relief. *Twombly*, 550 U.S. at 555. The facts must "nudge[] [the] claims across the line from conceivable to plausible." *Id.* at 570. Where a plaintiff fails to plead facts sufficient to support statutory standing, dismissal is required under Rule 12(b)(6). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("lack of statutory standing requires dismissal for failure to state a claim").

## ARGUMENT

### I. PLAINTIFF HOPWOOD'S CLAIM UNDER 47 U.S.C. § 227(C) SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiff Hopwood fails to state a claim under 47 U.S.C. § 227(c) for solicitation calls allegedly made to a number on the Do Not Call Registry because the Complaint does not allege the required facts showing that Hopwood received a "telephone solicitation" from Nuance. Hopwood purports to assert a claim under section 64.1200(c)(2) solely on the allegations that (i) his number was on the Do Not Call Registry and (ii) he did not consent to receive calls. (*See* FAC ¶¶ 24, 30, 43, 63.) Even if true, these allegations are insufficient to establish a claim under

1   47 U.S.C. § 227(c) because no consent is required to call a number on the Do Not Call Registry if

2   the person being called has an established business relationship with the caller.  As relevant here,

3   47 U.S.C. § 227(c) and its implementing regulation 47 C.F.R. § 64.1200(c) prohibit only

4   "telephone solicitations" to numbers that are on the Do Not Call Registry.  By its very definition,

5   however, a "telephone solicitation" *does not include* calls made to a person with whom the caller

6   has an "established business relationship."  47 C.F.R. § 64.1200(f)(14)(ii).  An "established

7   business relationship" is a prior or existing relationship between the caller and the person being

8   called based on, among other things, the person's purchase or transaction with the caller within

9   eighteen (18) months of the date of the call. 47 C.F.R. § 64.1200(f)(5).  Here, Hopwood admits in

10  the Complaint that he has purchased "several" Nuance products since 2006.  (FAC ¶ 22.)

11  The Complaint is noticeably devoid of any allegation that Hopwood did not make a purchase of a

12  Nuance product within eighteen months of the alleged calls at issue.  Indeed, based on Nuance's

13  records, Hopwood cannot do so.  As Plaintiff fails to allege facts showing that he received a

14  prohibited "telephone solicitation," Plaintiff Hopwood's claim under 47 U.S.C. § 227(c) fails on

15  the face of the Complaint.

**II.     PLAINTIFF MARTINEZ'S CLAIMS SHOULD BE DISMISSED.**

      **A.     Dismissal Under Rule 12(b)(1) Is Required Because Plaintiff Martinez Does
Not Have Standing.**

19         Plaintiff Martinez does not have standing to assert claims under the TCPA for the phone

20  calls made to her residential phone number.  To have standing to assert a claim for unauthorized

21  calls under the TCPA, plaintiff must be the "called party," *i.e.* the intended recipient, of such

22  calls.  *Leyse*, 2010 U.S. Dist. LEXIS 58461, at *4, *10-11 (holding that only the intended

23  recipient whose name was associated with the telephone number in defendant's records had

24  standing); *j2 Global Commc'ns, Inc. v. Protus IP Solutions*, No. CV 06-00566, 2010 U.S. Dist.

25  LEXIS 145369, at *21-22 (C.D. Cal. Oct. 1, 2010) ("'the recipient' has standing, 'the recipient'

26  being the person to whom the unlawful phone call or unsolicited fax advertisement is directed");

27  *Cellco P'ship*, 2010 U.S. Dist. LEXIS 106719, at *34 ("it is the intended recipient of the call that

28  has standing to bring an action"); *see also Kopff v. World Research Group, LLC*, 568 F. Supp. 2d

39, 42 (D.D.C. 2008) (assistant lacked standing to assert TCPA claim where faxes at issue were addressed to the company's president). Indeed, standing to assert a TCPA claim must be limited to such parties, or businesses would have no way of knowing whether a call violates the TCPA because they would have no way of knowing whether someone other than the intended recipient is required to give express consent (or provide some other proper basis for the call). *See Leyse*, 2010 U.S. Dist. LEXIS 58461, at *10-11.

Further, double recovery for a single violation of the TCPA is not permitted. *Cellco P'ship*, 2010 U.S. Dist. LEXIS 106719, at *26 (the "TCPA limits damages to one award of damages per call") (citation omitted); *see also Martin v. PPP, Inc.*, 719 F. Supp. 2d 967, 974 (N.D. Ill. 2010) (finding that the plaintiff was entitled to recover only once for each call that he received in violation of section 227(b)(3)). Because Mr. Bilich provided to Nuance the residential phone number called and his name was associated with that number in Defendants' records, Mr. Bilich was the intended recipient with standing to bring a TCPA claim for those calls. Allowing Plaintiff or any other person who may have answered that landline phone to assert a TCPA claim results in the potential for multiple recoveries for the same call. Such multiple recoveries are not permitted.

Here, the intended recipient of the calls allegedly made to Martinez was Ted Bilich, as the number at which Martinez allegedly received the phone calls was associated with Ted Bilich's name in Nuance's records. (Declaration of Robert C. Byers, Jr. ¶¶ 2-3);[2] *Leyse*, 2010 U.S. Dist. LEXIS 58461, at *10-12 (the intended recipient whose name is associated with the telephone number in defendant's records has standing). Each call made to the number in question was made in an attempt to reach Nuance's customer Bilich, *not* Martinez. Under these circumstances, only Nuance's customer, Ted Bilich, has standing to bring a TCPA claim for the calls at issue.

*Leyse* is directly on point. There, the call was made to a residential landline that was used by two roommates—Leyse and Dutriaux. *Leyse*, 2010 U.S. Dist. LEXIS 58461, at *4. The call

---

[2] A court may consider extrinsic evidence on a jurisdictional attack under Rule 12(b)(1). *See Warren*, 328 F.3d at 1139.

1   at issue was intended for Dutriaux—as shown by the fact that the phone number was associated

2   with Dutriaux's name in the caller's records—but Leyse picked up the call.  *Id.*  The court held

3   that Leyse was not the "called party" because he was merely an "unintended and incidental

4   recipient of the call," and therefore did not have standing under the TCPA based on the call

5   intended for his roommate, Dutriaux.  *Id.* at *11, *16.  Here too, the fact that Martinez happened

6   to pick up calls intended for another user of the same landline phone number (Bilich) does not

7   render her the "called party."  Rather, Martinez—like Leyse—was merely "an unintended and

8   incidental recipient of the call" that was intended for Bilich, and she therefore does not have

9   standing under the TCPA.  *Id.* at *11; *see also Cellco P'ship*, 2010 U.S. Dist. LEXIS 106719, at

10  *34 (Verizon did not have standing to assert a TCPA claim where the calls were intended for its

11  individual subscribers because "it is the intended recipient of the call that has standing to bring an

12  action"); *Meadows v. Franklin Collection Serv, Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011)

13  (finding no violation of the TCPA for calls to a residential landline that were intended for the

14  homeowner's daughter, a former resident of the home, because the caller had an existing business

15  relationship with the "intended recipient" of the calls).  Accordingly, Martinez lacks standing to

16  assert a TCPA claim based on the alleged calls intended for Ted Bilich, and therefore, her claim

17  should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1).

18          **B.      Dismissal Under Rule 12(b)(6) Is Required Because Plaintiff Martinez Has
                     Failed to State a Claim under the TCPA.**
19

20          As set forth above, Martinez lacks standing because she was not the intended recipient of

21  the alleged calls.  *Leyse*, 2010 U.S. Dist. LEXIS 58461, at *4, *11, *16;  *j2 Global Commc'ns*,

22  2010 U.S. Dist. LEXIS 145369, at *21-22; *Cellco P'ship*, 2010 U.S. Dist. LEXIS 106719, at *34.

23  Putting aside the extrinsic evidence showing that Martinez is not the "called party," the

24  Complaint itself lacks sufficient allegations to support a finding of statutory standing under the

25  TCPA.  Though Plaintiff Martinez baldly alleges that she "received" several calls, the allegations

26  in the Complaint demonstrate that she was not the intended recipient of those calls.  Specifically,

27  Martinez alleges that she informed the caller that "the person Defendants were calling for did not

28  live there," thus effectively conceding that she was not the intended recipient of Defendants'

1    alleged calls.  (FAC ¶ 39.)  Having failed to allege facts sufficient to support statutory standing

2    under the TCPA, Plaintiff Martinez's claim should also be dismissed for failure to state a claim

3    under Rule 12(b)(6).

4                                      **CONCLUSION**

5        For the foregoing reasons, Defendant Nuance Communications, Inc. respectfully requests

6    that the Court dismiss Plaintiff William Hopwood's claim under 47 U.S.C. § 227(c) and dismiss

7    Plaintiff Teresa Martinez's claims in their entirety.

8

9    Dated: December 16, 2013            MORRISON & FOERSTER LLP

10

11                        By: _____
                                Margaret Mayo

12                            Attorneys for Defendant
                           NUANCE COMMUNICATIONS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28