UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIAM HOPWOOD, ET AL.**,<br><br>Plaintiffs,<br><br>v.<br><br>**NUANCE COMMUNICATIONS, INC., ET AL.**,<br><br>Defendants. | Case No. 13-cv-02132-YGR<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) SETTING COMPLIANCE HEARING**<br><br>Re: Dkt. No. 95 |

Plaintiff filed an unopposed motion for preliminary approval of class action settlement on February 18, 2015. (Dkt. No. 95.) The Court heard the motion on March 31, 2015. Having carefully considered the materials submitted and for the reasons discussed at the hearing, approval is hereby **DENIED WITHOUT PREJUDICE**. The Court outlines below the concerns and/or deficiencies which should be addressed before final approval.

A. With respect to the Settlement Agreement (Dkt. No. 95-1 ("Settlement Agreement")):

1. Section 1.31 of the Settlement Agreement ("Settlement Administration Expenses") should provide an estimate or maximum amount of such expenses, or specify that such expenditures must be reasonable.

2. Section 1.36 of the Settlement Agreement ("Settlement Fund") should be corrected as noted at the hearing to ensure timely payments to proposed settlement class members upon final approval given that the amount needed to fund those payments will be known at the time of funding.

3. Section 1.39 of the Settlement Agreement ("Unknown Claims") should clearly indicate that only claims based on calls placed "by Infinity" on behalf of Nuance are subject to release. "[D]irectly or indirectly" should be stricken from Section 1.26 ("Released Claims") as creating undue ambiguities.

4. Section 2.2 of the Settlement Agreement ("Payments for Approved Claims") should indicate, in sub-section (b), that checks must be mailed to class members within 30 days of issuance.
5. Section 6.5 of the Settlement Agreement should be limited to challenges to claims presented to Judge Larson (Ret.) prior to the final approval hearing.
6. Section 8.1 of the Settlement Agreement should limit permissible amendments without court approval to those made within 180 days of final approval.
7. Section 8.3(f) of the Settlement Agreement should clarify that claims are not released for class members who exclude themselves from the settlement.
8. Section 11.2's provision mandating an injunction against all class members from bringing or maintaining related actions pending final approval requires clarification. The parties shall explain whether such claims currently exist requiring such action.
9. Section 11.13 of the Settlement Agreement should only purport to make representations and warranties by the named plaintiff and class counsel or, at most, by class members who expressly opt-in.
10. Section 11.16's prohibition on media contact should not apply to absent class members.

B. With respect to the attendant documents (Settlement Agreement, Exs. 1-4):

1. Generally, the notices and opt-in forms should be revised substantially for clarity.
2. Notice documents and claim forms should indicate more precisely that the calls at issue—while technically placed by defendant Infinity Contact, Inc. ("Infinity") on behalf of Nuance Communications, Inc. ("Nuance")—were identified during the calls as coming from Nuance, with no mention of Infinity.
3. The long-form notice should indicate the estimated number of class members and explain that class members may also object solely to the proposed amount of attorney's fees. The single reference to "www.website.net" should be

updated to "www.SoftwareCallSettlement.com."

4. The front of the postcard notice should indicate that the recipient may be entitled to a flat payment of up to $170 or up to $65 per qualifying call.

5. Both claim forms should indicate the "Personal Claim Number" is optional, consistent with the Settlement Agreement.

The parties may file a renewed motion for preliminary approval on an expedited briefing schedule. If the motion is unopposed, a hearing may be set on seven (7) days' notice.

A compliance hearing regarding the status of the renewed motion shall be held on **Friday, May 1, 2015** on the Court's 9:01 a.m. calendar, in the Federal Courthouse, 1301 Clay Street, Oakland, California, Courtroom 1. By five (5) business days prior to the date of the compliance hearing, the parties shall file either: (a) the renewed motion for preliminary approval; or (b) a one-page joint statement setting forth an explanation for their failure to comply. If compliance is complete, the parties need not appear and the compliance hearing will be taken off calendar. Telephonic appearances will be allowed if the parties have submitted a joint statement in a timely fashion. Failure to do so may result in sanctions.

This Order terminates Docket Number 95.

**IT IS SO ORDERED.**

Dated: April 2, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3