# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOPWOOD, et al., individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>NUANCE COMMUNICATIONS, INC., a Delaware corporation, and INFINITY CONTACT, INC., an Iowa corporation,<br><br>*Defendants*. | Case No. 4:13-cv-02132-YGR<br><br>**[PROPOSED]** **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY, AND APPROVING NOTICE PLAN**<br><br>**\*AS MODIFIED BY THE COURT\***<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

1      WHEREAS, a class action is pending before the Court entitled *Hopwood, et al. v. Nuance*
2  *Communications, Inc. and Infinity Contact, Inc.*, Case No. 4:13-cv-02132 (the "Action"); and

3      WHEREAS, Plaintiff William Hopwood ("Plaintiff"), Defendant Nuance Communications,
4  Inc. ("Nuance"), and Defendant Infinity Contact, Inc. ("Infinity") (Nuance and Infinity are together
5  "Defendants" and collectively with Plaintiff the "Parties") have determined to settle all claims
6  asserted against Defendants in the Second Amended Complaint in the Action with prejudice on the
7  terms and conditions set forth in the Stipulation and Agreement of Settlement (Dkt. No. 101-1 (the
8  "Agreement")) and fully, finally, and forever resolve, discharge, and settle the Released Claims
9  against the Released Parties upon the terms and conditions set forth therein, subject to the approval
10 of this Court (the "Settlement");

11     WHEREAS, Plaintiff made an application pursuant to Rule 23(e) of the Federal Rules of
12 Civil Procedure for an order preliminarily approving the Settlement of the Action, in accordance
13 with the Agreement, certifying the Settlement Class for purposes of settlement only, and allowing
14 notice to Settlement Class Members as more fully described herein;

15     WHEREAS, Plaintiff Teresa Martinez voluntarily dismissed all claims she had asserted in
16 the Action and Plaintiff Hopwood has filed a Second Amended Complaint through which he named
17 himself as the sole Plaintiff on behalf of a class of only individuals who received calls on their
18 cellular telephones and amended the remaining allegations to relate only to calls made to cellular
19 telephones;

20     This matter coming before the Court upon the agreement of the Parties, good cause being
21 shown, IT IS HEREBY ORDERED, DECREED, and ADJUDGED as follows:

22     1.     Terms and phrases in this Order shall have the same meaning as ascribed to them in
23 the Agreement unless otherwise defined herein.

24     2.     The Parties have moved the Court for an order approving the settlement of the
25 Action in accordance with the Agreement, which, together with the documents attached hereto, sets
26 forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice
27 against Defendants, and the Court having read and considered the Agreement and having heard the
28

-1-

1  Parties, hereby preliminarily approves the Agreement in its entirety subject to the Final Approval
2  Hearing referred to in Paragraph 17 of this Order.

3      3.    This Court finds that it has jurisdiction over the subject matter of this Action and
4  over all Parties to the Action, including the Settlement Class.

5      4.    The Court finds that, subject to the Final Approval Hearing, the Agreement is fair,
6  reasonable, adequate, and in the best interests of the Settlement Class as to their claims against
7  Defendants. The Court further finds that the Agreement substantially fulfills the purposes and
8  objectives of the class action, and provides beneficial relief to the Settlement Class. The Court also
9  finds that the Agreement (a) is the result of arm's length negotiations involving experienced counsel
10 with the assistance of the Honorable James Larson (ret.) and the Honorable Jacqueline Scott Corley;
11 (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the
12 Settlement Class; (c) meets all applicable requirements of Federal Rule of Civil Procedure 23 for
13 settlement purposes only, including that the Settlement Class is sufficiently numerous, that there are
14 questions of law and fact common to members of the Settlement Class that predominate, that the
15 claims of Mr. Hopwood are typical of the claims of the Settlement Class, that Mr. Hopwood and his
16 counsel adequately represent the interests of the Settlement Class, and a settlement class action is a
17 superior method of adjudicating this Action; (d) meets all other applicable requirements of law,
18 including the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (e) is not a finding or
19 admission of liability by Defendants.

20     5.    For purposes of settlement only, the Court certifies the following class as defined in
21 the Agreement:

> All individuals who received a call on a United States wireless telephone number from Infinity for the purpose of offering one or more Nuance products between May 8, 2009 and the date of this order.

Excluded from the Settlement Class are Defendants, their officers and directors during the Settlement Class Period, the members of their immediate families, and their respective representatives, heirs, successors, and assigns. Also excluded from the Settlement Class are those persons who otherwise satisfy the above requirements for membership in the Settlement Class, but

-2-

[PROPOSED] ORDER    4:13-CV-02132-YGR

who timely and validly request exclusion from the Settlement Class pursuant to the notice documents attached hereto.

6. For purposes of settlement only: (a) Jay Edelson, Rafey S. Balabanian, and Benjamin H. Richman of Edelson PC are appointed Class Counsel for the Settlement Class; and (b) Plaintiff William Hopwood is named Class Representative. For purposes of settlement, the Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff Hopwood will adequately protect the interests of the Settlement Class.

7. Should the Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representative and the Settlement Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Agreement shall be considered as a factor in connection with any class certification issue(s).

8. Pursuant to the Agreement, The Garden City Group is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

9. The Court approves, as to form, method, and content, the Notice, Summary Notice, Long Claim Form and Short Claim Form to be provided to the Settlement Class as set forth substantially in the form attached to the Agreement and more specifically as attached hereto as Attachments 1-4. The Court finds that such notice complies with the requirements of Fed. R. Civ. P. 23 and Due Process, and constitutes the best notice practicable under the circumstances. The Court further finds that the notice is reasonably calculated to, under all circumstances, apprise Settlement Class Members of the pendency of this Action, the certification of the Settlement Class for purposes of the Settlement, the terms of the Agreement, and the right of members to object to the Settlement or to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

10. Pursuant to paragraph 4 of the Agreement, the notice shall be provided as follows: The Settlement Administrator shall within fourteen (14) days following the entry of this Order post notice of the Settlement on the settlement website at www.SoftwareCallSettlement.com. Within twenty-eight (28) days following the entry of this Order, the Settlement Administrator shall provide direct notice to Settlement Class Members as set forth in the Agreement. This direct notice shall be supplemented by online media to the extent necessary as set forth in the Agreement. If they have not done so already, Defendants will comply with the requirements of 28 U.S.C. § 1715 by serving notice of the proposed Settlement upon the appropriate government officials within ten (10) days after the Agreement was filed with the Court.

11. Settlement Class Members who wish to receive a payment under the Agreement must complete and submit a valid Long Claim Form or Short Claim Form. All claim forms must be postmarked or received by the Settlement Administrator no later than forty (40) days after the Notice Date.

12. Settlement Class Members who wish to exclude themselves from the Settlement Class may submit a request for exclusion by sending a written request to the Settlement Administrator postmarked on or before **August 3, 2015**, which will be specified in the Notice and Summary Notice. A request for exclusion must be signed by the Settlement Class Member, and must include the Settlement Class Member's name, address, and the cellular telephone number that allegedly received a call by Infinity on behalf of Nuance during the Settlement Class Period, and must clearly state that the person wishes to be excluded from the Action and the Agreement. A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the notice, or that is not postmarked within the time specified, shall be invalid.

13. Any Settlement Class Member who submits a valid and timely request for exclusion (i) shall not be bound by the terms of the Agreement or by the Final Judgment and Order of Dismissal with Prejudice ("Final Judgment"); (ii) shall be deemed to have waived any rights or benefits under the Agreement; and (iii) may not file an objection to the Settlement. However, any Settlement Class Member who fails to submit a valid and timely request for exclusion shall be

-4-

1  bound by all terms of the Agreement, the Court's Order granting class certification for settlement
2  purposes, and the Final Judgment, regardless of whether he or she has requested exclusion from the
3  Settlement Class.

4      14. Any Settlement Class Member who has not timely filed a request for exclusion may
5  object to the fairness, reasonableness, or adequacy of the Agreement, to the Final Judgment being
6  entered as to Defendants in accordance with the terms of the Agreement, to the attorneys' fees and
7  expense reimbursement sought by Class Counsel, or to the award sought by the Class
8  Representative as set forth in the Notice and Agreement. At least **fourteen (14) days prior to**
9  **August 3, 2015**, papers supporting the Fee Award shall be filed with the Court and posted to the
10 settlement website. Settlement Class Members may object on their own, or may do so through
11 separate counsel at their own expense.

12     15. To object, a Settlement Class Member must sign and submit a written objection no
13 later than **August 3, 2015**. To be valid, the objection must include: (1) the objector's name and
14 address; (2) the cellular phone number that allegedly received any call promoting a Nuance product
15 during the Settlement Class Period; (3) all grounds for the objection, including if applicable all
16 citations to legal authority and evidence supporting the objection; (4) the name and contact
17 information of any and all attorneys representing, advising, or in any way assisting the objector in
18 connection with the preparation or submission of the objection or who may profit from the pursuit
19 of the objection; and (5) a statement indicating whether the objector intends to appear at the Final
20 Approval Hearing (either personally or through counsel who files an appearance with the Court in
21 accordance with the Local Rules of this District).

22     16. All objections and any papers submitted in support of said objection, shall be
23 considered by the Court at the Final Approval Hearing only if, on or before **August 3, 2015**, the
24 person making an objection submits copies of such papers to the Court either by mailing them to the
25 Class Action Clerk, United States District Court for the Northern District of California, Ronald V.
26 Dellums Federal Building, 1301 Clay Street, Oakland, California, 94612, or files them in person at
27 any location of the United States District Court for the Northern District of California, except that
28 any objection made by a Settlement Class Member represented by counsel must be filed through the

-5-

1 Court's CM/ECF system. Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Agreement at the Final Approval Hearing, or from seeking review of this Agreement by appeal or other means and shall be deemed to have waived his, her or its objections and be forever barred from making any such objections in the Action or any other action or proceeding. By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

17. The Fairness Hearing shall be held before this Court on **September 8, 2015** at **2 p.m.** in Courtroom 1 on the 4th Floor of the Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, California to consider: (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether the Final Judgment should be entered; (c) whether to award payment of attorneys' fees and expenses to Class Counsel; and (d) whether to award payment of an incentive award to the Class Representative.

18. Papers in support of final approval of the Agreement shall be filed with the Court on or before **August 25, 2015**. The parties shall file a joint supplement of no more than five pages by **September 4, 2015** if the relevant circumstances change after the August 25 filing in light of the contemplated 30-day extensions for submission of cell phone bills in connection with the Long Claim Forms.

19. In order to protect its jurisdiction to consider the fairness of this Agreement and to enter a Final Judgment and Order of Dismissal with Prejudice having binding effect on all Settlement Class Members, the Court hereby enjoins all Settlement Class Members, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address any Released Party's or Settlement Class Member's rights or claims relating to, or arising out of, any of the Released Claims.

20. Settlement Class Members who do not properly exclude themselves from this settlement shall be bound by all determinations and judgments in the Action concerning the Action and/or Agreement, whether favorable or unfavorable.

21. In the event that the Agreement is terminated pursuant to the provisions of the Agreement, then (i) the Agreement shall be null and void, and shall have no further force and effect with respect to any Party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, and statements made in connection therewith shall be without prejudice to any person or Party hereto, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Agreement that would ordinarily be discoverable but for the attempted Settlement; and (iii) other than as expressly preserved by the Agreement in the event of its termination, the Agreement shall have no further force and effect with respect to any Party and shall not be used in the Action or any other proceeding for any purpose.

22. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Agreement within one hundred eighty (180) days of final approval so long as they are consistent in all material respects with this Order and do not affect the rights of the Settlement Class.

This Order terminates Docket Number 101.

IT IS SO ORDERED.

Dated: May 12, 2015

_____
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE