# If you received a call on your cell phone promoting a Nuance software product between May 8, 2009 and [date], a class action settlement may affect your rights.

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Nuance Communications, Inc. ("Nuance") and Infinity Contact, Inc. ("Infinity," and together, "Defendants"). The class action lawsuit is about whether Infinity, on behalf of Nuance, made unsolicited calls with an autodialer to consumers' cell phones and to cell phone numbers on the National Do-Not-Call List.

- You are included if you received a call on your United States cellular phone from Infinity for the purpose of offering one or more Nuance products, from May 8, 2009 through [date of preliminary approval]. Please note that while the calls were technically placed by Infinity on behalf of Nuance, the calls were identified as coming from Nuance with no mention of Infinity.

- If the Court approves the Settlement, you may be eligible to receive either a flat payment of up to $170 <u>or</u> up to $65 per call if you provide your cell phone bills. These payments may be reduced, depending on the number of valid claims submitted. As part of the Settlement, Defendants also have agreed to take steps related to preventing telemarketing calls to cell phones, or to cell phones on the National Do-Not-Call list, without the appropriate consent of the recipients, as set forth in more detail below.

- Please read this notice carefully. Your legal rights are affected whether you act or don't act by the deadlines described in this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **SUBMIT A SHORT OR LONG CLAIM FORM** | The only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue the Defendants about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendants about the claims in this case. |

These rights and options—**and the deadlines by which to exercise them**—are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this Notice to let you know about a proposed Settlement with the Defendants. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Yvonne Gonzalez Rogers of the U.S. District Court for the Northern District of California is overseeing this class action. The case is known as *Hopwood v. Nuance Communications, Inc. and Infinity Contact, Inc.*, Case No. 4:13-cv-02132-YGR. The person who sued is called the Plaintiff. The companies he sued, Nuance and Infinity, are called the Defendants.

### 2. What is a class action lawsuit?

In a class action, one or more people called "Class Representatives" sue on behalf of a group of people who have similar claims. In this case, these people are together called a "Settlement Class" or, individually, "Settlement Class Members." In a class action, the court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class. After the parties reached an agreement to settle this case, the Court recognized it as a case that should be treated as a class action for settlement purposes.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The lawsuit alleges that Infinity placed telemarketing calls on behalf of Nuance to consumers' cell phones for the purpose of promoting Nuance products. During the calls, Infinity representatives stated that the calls were coming from Nuance, with no mention of Infinity. The lawsuit alleges that Nuance and Infinity violated the federal Telephone Consumer Protection Act because some consumers, including consumers who had placed their cell phone numbers on the Do-Not-Call list, did not agree to receive these calls. Nuance and Infinity deny the allegations and are entering into the Settlement to avoid burdensome and costly litigation. The Settlement is not an admission of, and does not establish any, wrongdoing.

More information about the complaints in the lawsuit and the Defendants' answers can be found in the "Court Documents" section of the Settlement website at www.SoftwareCallSettlement.com.

| **4. Why is there a Settlement?** |

The Court has not decided whether the Plaintiff or the Defendants should win this case. Instead, both sides agreed to a settlement. By settling, both sides avoid the uncertainties and expenses associated with ongoing litigation, and it is possible for Settlement Class Members to receive compensation now rather than, if at all, years from now. The Class Representative and his attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Settlement Class Members.

## WHO'S INCLUDED IN THE SETTLEMENT?

| **5. How do I know if I am in the Settlement Class?** |

The Court decided that this Settlement includes a Class comprised of: all individuals who received a call on a United States wireless telephone number from Infinity for the purpose of offering one or more Nuance products between May 8, 2009 and [date of preliminary approval]. Everyone who fits this description is a member of the Settlement Class. Approximately 400,000 individuals meet this description.

If you received a postcard or email about this class action, your cell phone number may be one of the numbers that was called during the Settlement Class Period. If you received one of these calls, one or more of the toll-free numbers listed here [insert hyperlink] will appear as the "sender" in the billing detail section of your cell phone bill. Click here [insert hyperlink] for instructions on how to obtain a copy of your cell phone billing records.

| **6. What were the allegedly unconsented calls about?** |

The calls covered by this Settlement were allegedly made to cellular telephones by Infinity in an attempt to sell Nuance software, such as Dragon® Dictate, Dragon® NaturallySpeaking, PaperPort®, and OmniPage®. The caller, however, would have identified the calls as coming from Nuance, with no mention of Infinity.

## THE SETTLEMENT BENEFITS

| **7. What does the Settlement provide?** |

As part of the Settlement, Defendants and their insurers have agreed to create a $9,245,000 Settlement Fund. The Settlement Fund will be used to pay all valid claims, costs of administering the Settlement, attorneys' fees, and incentive payment to the Class Representative.

The Settlement provides two ways to request a payment.

First, Settlement Class Members who submit a valid Short Claim Form saying they received an unauthorized call on their cell phone will be eligible to receive a set payment of up to $170. Further details are below.

Second, Settlement Class Members who submit proof that they received multiple unauthorized calls have the option to file a Long Claim Form, along with copies of their cell phone bills showing the

number of calls they received. Those Settlement Class Members who submit a valid Long Claim Form will be eligible to receive up to $65 per unauthorized call. Further details are below.

Depending on the number of valid claims submitted, the amounts paid may be reduced on a proportional basis.

Defendants have also agreed to take steps related to preventing telemarketing calls to cell phones without the appropriate consent of the recipients, including bi-annual audits to their telemarketing procedures for compliance with the Telephone Consumer Protection Act. These practices shall remain in place for a period of two (2) years.

## HOW TO GET BENEFITS

### 8. How do I make a claim?

The Settlement creates a claims process with two Claim Forms: a Short Claim Form and a Long Claim Form. You can submit one Claim Form or the other, *but not both*. You can get either Claim Form on this website or by calling [[Settlement Administrator number]]. The Claim Forms may be submitted online or by U.S. Mail sent to [[address]]. If you file a valid Short Claim Form, you will receive up to $170 and you do not need to submit additional documents. If you file a valid Long Claim Form you will receive up to $65 per unconsented call, but you will have to provide your cell phone bills for each of the calls you received.

*Short Claim Form*

The Short Claim Form requires you to provide your name, address, the cellular telephone number on which you received the call(s), and your personal claim number (if you received an email or postcard notice). You must verify that, without your consent, sometime during the Settlement Class Period you received a call to your cell phone from Infinity regarding a Nuance product, or while your cell phone number was on the National Do-Not-Call list and without your consent. If approved, you will receive a set flat payment of up to $170.

*Long Claim Form*

In addition to providing the information required for submitting a Short Claim Form, the Long Claim Form requires you to disclose the number of times you claim Defendants called your cell phone without your consent, or the number of times you claim Defendants called your cell phone without your consent while your number was listed on the National Do-Not-Call list, *provide a copy of your wireless cell phone bill(s)* showing receipt of these calls, and state that this information is true. Click here to find out how to obtain a copy of your cell phone records from your wireless carrier. Click here to see a list of the toll-free numbers used by Infinity to make the calls at issue, which will appear in the call detail of your cell phone bill(s). If your claim is approved, you will receive up to $65 per call that matches your cell phone bill.

Both Claim Forms require you to affirm that you did not consent to receive these calls. You also must truthfully provide all of the information requested by the Claim Form. If you consented to receive the call(s) you got from Infinity on your cell phone, you may not be eligible to make a claim and your claim may be rejected. Counsel for Plaintiff or Defendants may also challenge the

acceptance or rejection of claims, including challenges to statements you make in a claim form or to your eligibility to make a claim. More information is available in the Settlement Agreement.

***All Claim Forms must be received and properly completed by [claims deadline].***

### 9. When will I get my payment?

The hearing to consider the final fairness of the Settlement is scheduled for [insert Final Approval Hearing date]. If the Court approves the Settlement, and after any appeals process is completed, eligible Settlement Class Members whose claims were approved will be sent a check in the mail. Please be patient. All checks will expire and become void 90 days after they are issued if uncashed.

## THE LAWYERS REPRESENTING YOU

### 10. Do I have a lawyer in this case?

Yes, the Court has appointed lawyers Jay Edelson, Rafey S. Balabanian, and Benjamin H. Richman of Edelson PC as the attorneys to represent you and other Settlement Class Members. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiff William Hopwood to serve as the Class Representative. He is a Settlement Class Member like you.

Class Counsel can be reached by calling 1-866-354-3015.

### 11. Should I get my own lawyer?

You don't need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to retain that lawyer. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

### 12. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses of up to $2,250,000 and will also request an award of $1,500 for the Class Representative. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representative. The Court may award less than the amounts requested by Class Counsel and the Class Representative, and any money not awarded from these requests will stay in the Settlement Fund to pay Settlement Class Members.

## YOUR RIGHTS AND OPTIONS

### 13. What happens if I do nothing?

If you do nothing, you will receive no payment under the Settlement, you will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. Also, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims resolved by this Settlement.

### 14. What happens if I ask to be excluded?

If you exclude yourself from the Settlement, you can't claim any money or receive any benefits as a result of the Settlement. You will keep your right to start your own lawsuit against Defendants for the same legal claims made in this lawsuit. You will not be legally bound by the Court's judgments related to the Settlement Class and Defendants in this class action.

### 15. How do I ask to be excluded?

You can ask to be excluded from the Settlement. To do so, you must send a letter clearly stating that you want to be excluded from the Settlement in *Hopwood v. Nuance Communications, Inc. and Infinity Contact, Inc.*, Case No. 4:13-cv-02132-YGR. Your letter must also include your name, address, the cell phone number on which you contend you received the call(s), and your signature. You must mail your exclusion request no later than **[objection / exclusion deadline]** to:

> Hopwood v. Nuance Settlement Administrator
> PO Box 0000
> City, ST 00000-0000

You can't exclude yourself via phone, fax, or email.

### 16. If I don't exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by this Settlement.

### 17. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Short Claim Form or Long Claim Form to ask for a payment.

### 18. How do I object to the Settlement?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. You can also object solely to the proposed amount of attorneys' fees and expenses. You can't, however, ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. The Court will consider your views. No later than **[objection / exclusion deadline]**, your objection to the Settlement must be filed in person at any location of the United States District Court for the Northern District of California or postmarked to the Court at the following address:

> Class Action Clerk
> United State District Court for the Northern District of California
> Ronald V. Dellums Federal Building
> 1301 Clay Street, Suite 400 S
> Oakland, CA 94612

The objection must be in writing and include the case name *Hopwood v. Nuance Communications, Inc. and Infinity Contact, Inc.*, Case No. 4:13-cv-02132-YGR. Your letter must be personally signed

and must (1) identify all of the reasons for your objections (including if applicable citations and supporting evidence) and attach any materials you are relying on to make your objections; (2) include your name, address, the cell phone number on which you claim you received a call promoting a Nuance product, and your signature; and (3) include the name and contact information of any and all lawyers representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection. If, in addition to submitting a written objection to the Settlement, you wish to appear and be heard at the Hearing on the fairness of the Settlement, you or your attorney must say so in your written objection. If you have an attorney, your objection and any supporting papers must be filed electronically through the Court's CM/ECF system, by [insert Objection/Exclusion deadline].

Class Counsel will file with the Court and post on the Settlement website its request for attorneys' fees and incentive award on [date 2 weeks before objection deadline].

### 19. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class (i.e., you don't exclude yourself from the Settlement). Even if you object, you may still submit a claim form. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you may not submit a claim form and have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 20. When and where will the Court hold a hearing on the fairness of the Settlement?

A public hearing has been set for [date] at [time], before the Honorable Yvonne Gonzalez Rogers at the United States Courthouse, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612 in Courtroom 1, 4th Floor. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representative.

**Note:** The date and time of the fairness hearing are subject to change by Court Order, but any changes will be posted at the Settlement website, www.SoftwareCallSettlement.com, or through the Court's Public Access to Court Electronic Records (PACER) system, available at https://ecf.cand.uscourts.gov, or the Court's calendar available at http://www.cand.uscourts.gov/ygr.

### 21. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also choose to have another lawyer attend on your behalf if you retain one, but you don't have to do so. You don't need a lawyer to make an objection or attend the hearing.

| **22. May I speak at the hearing?** |

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement by asking to speak in your objection by following the instructions above in section 18.

## GETTING MORE INFORMATION

| **23. Where can I get additional information?** |

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.SoftwareCallSettlement.com, by contacting Class Counsel at 1-866-354-3015, by accessing the Court docket in this case through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**