**RECEIVED**

PO Box 90
Hornell, NY 14843

JUN 22 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

US District Court
Ronald V. Dellums Federal Building
1301 Clay Street
Oakland, CA 94612

Dear Judge:

13-CV-2132-YGR

Re: Hopwood v. Nuance Communications, Inc. and Infinity Contact, Inc.

I received a card asking if I would like to participate in a class action settlement. I am responding that I, like possibly several others receiving this card, may not qualify. I am objecting that there may be many individuals which may not qualify who are listed as part of this class action group. I am just an average consumer so I hope that you can relay this into legal implications necessary.

I use my cell phone as my primary number. My cell phone number is on the Do Not Call list. But the Federal Trade Commission rules on telemarketing do allow previous customers to be called. Nuance offers great products that I have purchased several times over the past 8 years. When they or a company they hire calls me, I cannot report them as I have purchased something from them within the last 12 months. I suspect others individuals may have the same situation which prohibits them from claiming a settlement even though they are on the Do Not Call list.

Nuance offers a broad range of products. I have been using their Pdf Professional product. My current Brother printer has Paper-Port Image Printer. There are many other products that Nuance offers through partnerships with other products. How many individuals may have these Nuance products installed with their printer/scanner/fax or other electronic devices and may not know they do? Being owners of this software then means that Nuance could call them and be within the guidelines of the FTC telemarketing rules.

If you have any further questions please contact me at the above address.

Sincerely,

Joel Stauring