**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| WILLIAM HOPWOOD, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>NUANCE COMMUNICATIONS, INC., a Delaware corporation, and INFINITY CONTACT, INC., an Iowa corporation,<br><br>*Defendants*. | Case No. 4:13-cv-02132-YGR<br><br>[PROPOSED] **ORDER APPROVING SETTLEMENT, AWARDING ATTORNEYS' FEES AND AN INCENTIVE AWARD, AND DISMISSING CLAIMS OF SETTLEMENT CLASS MEMBERS WITH PREJUDICE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

This matter came before the Court for hearing on October 13, 2015. The Court has considered the Parties' Stipulation and Agreement of Settlement ("Settlement Agreement") entered into by and among defendants Nuance Communications, Inc. ("Nuance") and Infinity Contact, Inc. ("Infinity") (collectively, Nuance and Infinity are referred to as "Defendants"), and plaintiff William Hopwood, as an individual and as a "Class Representative" (collectively the "Parties" in the above-referenced "Action"), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel, and the record in the Action, and good cause appearing,

It is hereby ORDERED, ADJUDGED, and DECREED THAT:

1.  Terms and phrases in this Order shall have the same meaning as ascribed to them in the Parties' Settlement Agreement, which is attached hereto as Addendum 1.

2.     This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all members of the Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3), consisting of "All individuals who received a call on a United States wireless telephone number from Infinity for the purpose of offering one or more Nuance products between May 8, 2009 and May 12, 2015."

3.     The Court also granted Preliminary Approval of the Settlement Agreement on May 12, 2015, finding, subject to the Final Approval Hearing, it to be "fair, reasonable, adequate, and in the best interest of the Settlement Class." (ECF No. 104, Order Granting Prelim. Approval of Class Action Settlement ¶ 4.)

4.     The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order (*Id.* ¶¶ 9–10) and consisting of individual notice via first-class U.S. Mail postcard and/or email to the Settlement Class, an interactive settlement website, and a toll-free phone number has been successful, was the best notice practicable under the circumstances and:  (1) constituted notice that was reasonably calculated to, under all circumstances, apprise Settlement Class Members of the pendency of the Action, the certification of the Settlement Class for purposes of the Settlement, the terms of the Settlement Agreement, and the right of members to object to the Settlement or to exclude themselves from the Settlement Class; (2) complies with the requirements of the Federal Rules of Civil Procedure and the Due Process Clause; and (3) constitutes the best notice practicable under the circumstances.

5.     Seven Settlement Class Members timely submitted requests for exclusion from the Settlement and one Settlement Class Member objected to it. The objection did not go to the terms of the Agreement and is overruled.

6.     The Court finds that Defendants properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Further, more than ninety (90) days elapsed from the date Defendants provided notice pursuant to CAFA and the date the Final Approval Hearing was held on October 13, 2015.

7. This Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable and in the best interests of the Settlement Class Members considering the disputed facts and circumstances of and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties, including negotiations presided over by the Honorable James Larson (Ret.) of JAMS and Magistrate Judge Jacqueline Scott Corley, support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in reaching the Settlement Agreement, implicit or otherwise. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This finding is also supported by, among other things, the fact that the Settlement provides substantial monetary benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses awarded to Class Counsel or the Class Representative; the benefits provided to Settlement Class Members are appropriate under the circumstances of this case; and the Parties began negotiating regarding attorneys' fees and expenses only after reaching an agreement regarding the key settlement terms.

8. The Court has specifically considered the factors relevant to class settlement approval (*see*, *e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004))—including, *inter alia*, the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of not maintaining class action status throughout trial; the relief provided for in the settlement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; and the reaction of the Settlement Class Members to the proposed settlement (including the claims submitted, the limited number of opt-outs and the fact that only a single objection—that does not address the terms of the Settlement Agreement—was

1  submitted)—and upon consideration of such factors finds that the Settlement is fair, reasonable,
2  and adequate to all concerned.

3      9.    The Court finds that the Class Representative and Class Counsel adequately
4  represented the Settlement Class for the purposes of litigating this matter and entering into and
5  implementing the Settlement Agreement.

6      10.    Accordingly, the Settlement is hereby finally approved in all respects, and the
7  Parties are hereby directed to implement the Settlement Agreement according to its terms and
8  provisions. The Settlement Agreement is hereby incorporated into this Order in full and shall have
9  the full force of an Order of this Court.

10      11.    The Settlement Administrator is directed to issue all checks for claim payments to
11  Settlement Class Members who have submitted Approved Claims within thirty (30) days of the
12  Effective Date, and to mail such checks to the address provided by each Settlement Class Member
13  on their Approved Claim Form within thirty (30) days of issuance. If an issued check is not cashed
14  within ninety (90) days after the date of issuance, the check will be void, and such funds will
15  revert to the Settlement Fund and be included in any Remaining Funds.

16      12.    This Court hereby **DISMISSES** this action on the merits and with prejudice.

17      13.    Upon the Effective Date of the Final Judgment, all Released Claims of the
18  Plaintiffs are hereby released as against Defendants and all other Released Parties as defined in the
19  Settlement Agreement.

20      14.    The benefits and payments described in the Settlement Agreement are the only
21  consideration, fees, and expenses Defendants or the Released Parties shall be obligated to give to
22  the Class Representative, Settlement Class Members, and Class Counsel in connection with the
23  Settlement and the payment of attorneys' fees and expenses.

24      15.    Having considered Plaintiffs' motion for attorneys' fees and expenses to Class
25  Counsel, the Court adjudges that a payment of fees and expenses in the amount of $1,625,000 is
26  fair and reasonable for the following reasons and those stated in Court. Plaintiffs' counsel
27  requested as attorneys' fees and expenses an award of $2.25 million, which is approximately 25
28  percent of the maximum dollar amount available for payout by defendants under the terms of the

1  settlement agreement ($9,245,000). However, Class Counsel believe the maximum amount will
2  not ultimately be distributed in light of the number of valid claims received, estimating at least
3  $6.5 million of the Settlement Fund will be exhausted.  (Dkt. No. 106 at 12.)  Thus, the Court
4  considers an appropriate award to be 25 percent of the $6.5 million that will actually be paid out
5  by defendants, yielding an award of $1,625,000. Cross-checking this amount against Class
6  Counsel's lodestar reveals about a 2.2 multiplier, which is reasonable in light of the circumstances
7  of this case. Although negotiated fee awards are encouraged, *see Hensley v. Eckerhart*, 461 U.S.
8  424, 437 (1983), "courts have an independent obligation to ensure that the award, like the
9  settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re*
10 *Bluetooth*, 654 F.3d at 941. In assessing the requested attorneys' fees, the Court has considered the
11 relief achieved for the Settlement Class Members, the time and effort devoted by Class Counsel as
12 demonstrated by their sworn declaration and itemized billing records, and the complexity of the
13 legal and factual issues involved. The Court finds that the Fee Award to Class Counsel identified
14 above is fair and reasonable under both a common fund approach and a lodestar approach. *See*
15 *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002) (finding in this Circuit, a
16 25% fee is the accepted "benchmark" in common fund cases); *Kerr v. Screen Extras Guild, Inc.*,
17 526 F.2d 67 (9th Cir. 1975) (lodestar approach).

18     16. The Court has also considered Plaintiffs' motion and supporting declarations for an
19 incentive award to the Class Representative. The Court adjudges that the payment of a service
20 award in the amount of $1,500 to the Class Representative, to compensate him for his efforts and
21 commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the
22 circumstances of this case. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th Cir.
23 2013). Such payment shall be made pursuant to and in the manner provided by the terms of the
24 Settlement Agreement.

25     17. Except as otherwise set forth in this Order, the Parties shall bear their own costs
26 and attorneys' fees in any way related to the Action.

27     18. All other relief not expressly granted to the Settlement Class Members is **DENIED**.

28     19. The Parties, without further approval from the Court, are hereby permitted to agree

to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) within one hundred eighty (180) days of final approval so long as they are consistent in all material respects with this Order and do not limit the rights of the Settlement Class.

20. The Court shall retain continuing jurisdiction for one (1) year from the entry of this Order as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Order, and for any other necessary purpose.

This Order terminates Docket Numbers 106 and 109.

**IT IS SO ORDERED.**

Dated: October 28, 2015

_____
HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE