# Addendum 1

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                            OAKLAND DIVISION

11

12   WILLIAM HOPWOOD, et al., on behalf of       Case No.  CV 13-02132 YGR
     himself and all others similarly situated,

13
                             Plaintiff,          CLASS ACTION

14
                v.

15                                               **STIPULATION AND AGREEMENT OF**
     NUANCE COMMUNICATIONS, INC. AND             **SETTLEMENT**

16   INFINITY CONTACT, INC.,

17                           Defendants.

18

19

20

21

22

23

24

25

26

27

28

This Stipulation and Agreement of Settlement ("Agreement") is entered into by and among (i) Plaintiff William Hopwood ("Hopwood"), (ii) the Settlement Class (as defined herein) (the Settlement Class and Hopwood are collectively herein referred to as the "Plaintiffs" unless otherwise noted), and (iii) Defendants Nuance Communications, Inc. ("Nuance") and Infinity Contact, Inc. ("Infinity") (collectively referred to herein as the "Defendants" unless otherwise noted), by and through their respective counsel of record in this Action.  This Agreement supersedes and replaces the prior Stipulation and Agreement of Settlement executed on or about February 18, 2015.  All the parties to this Agreement shall collectively be referred to as the "Parties."  Subject to Court approval, this Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, dismiss, and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions hereof.

**RECITALS**

A.     On May 8, 2013, Hopwood and Plaintiff Teresa Martinez brought a putative class action against Nuance in the United States District Court for the Northern District of California, captioned *Hopwood v. Nuance Communications, Inc.*, No. 13-02132 YGR (the "Action"), alleging that they received several telemarketing calls made by or on behalf of Nuance in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  (Dkt. 1.)

B.     On July 15, 2013, Nuance answered the original complaint, denying the material allegations of the original complaint and setting forth eleven affirmative defenses.  (Dkt. 14.)

C.     On October 20, 2013, Hopwood, Plaintiff Martinez, and Nuance filed a stipulation for plaintiffs to file an amended complaint.  (Dkt. 30.)  Plaintiffs thereafter filed their First Amended Complaint ("FAC"), which added Infinity as a party-defendant.  (Dkt. 31.)

D.     On December 16, 2013, Infinity answered the FAC, denying the material allegations of the FAC and setting forth nine affirmative defenses.  (Dkt. 46.)  That same day, Nuance moved to dismiss Plaintiff Hopwood's claims in part and Plaintiff Martinez's claims in their entirety arguing (i) that Plaintiff Hopwood failed to state a claim for a violation of 47 U.S.C. § 227(c) because Nuance had an established business relationship with Hopwood, and (ii) that Plaintiff Martinez did not have standing and failed to state her claim because she was not the

1   intended recipient of the alleged calls.  (Dkts. 47-48.)  Nuance's motion to dismiss was fully

2   briefed (Dkts. 54, 57), but has been deemed withdrawn without prejudice (Dkt. 67).

3       E.      On December 19, 2013, The Phoenix Insurance Company and The Travelers

4   Indemnity Company brought a coverage action seeking a declaratory judgment against

5   Defendants that they have no obligation under the insurance policies issued to Infinity to defend

6   or otherwise cover any claims for the allegedly unauthorized calls at issue in the Action.

7   Defendants counter claimed, seeking, among other forms of relief, a declaratory judgment that

8   The Phoenix Insurance Company, The Travelers Indemnity Company, The Travelers Indemnity

9   Company of Connecticut, and Travelers Property Casualty Company of America (collectively,

10  "Travelers") have a duty to defend and cover the claims in the Action.  *See The Phoenix*

11  *Insurance Company, et al. v. Infinity Contact, Inc., et al.*, No. 5:13-cv-5905-BLF (N.D. Cal.) (the

12  "Coverage Action").

13      F.      The Parties proceeded with discovery, including serving and responding to formal

14  written discovery requests and otherwise engaging in informal exchanges of information.

15      G.      After Nuance's motion to dismiss was fully briefed but before the Court resolved

16  the motion, Plaintiff Martinez voluntarily dismissed with prejudice all claims she had asserted in

17  the Action.  The Parties reached an agreement regarding the claims asserted by Hopwood and the

18  putative classes he purported to represent.  The Parties have stipulated that Plaintiff Hopwood

19  would file a Second Amended Complaint, through which he has named himself as the sole

20  Plaintiff on behalf of a class of only individuals who received calls on their cellular telephones

21  and amended the remaining allegations to relate only to calls made to cellular telephones.  (Dkts.

22  91-92.)

23      H.      On December 18, 2013 and February 26, 2014, the Parties participated in two

24  mediation sessions with the Honorable James Larson (Ret.) of JAMS, a mediator with extensive

25  experience in mediating class action disputes.  The Parties also engaged in informal discovery for

26  purposes of facilitating settlement discussions.  With the assistance of the mediator, the Parties

27  continued to engage in several more rounds of additional arms'-length negotiations for several

28  months.

I.      In October 2014, the Parties had not yet finalized the documentation for their proposed settlement (Dkt. 70), and were ordered, along with Defendants' insurers, to participate in a settlement conference with Magistrate Judge Jacqueline Scott Corley.  After several telephonic settlement conferences and an in-person session on December 12, 2014, the Parties have now agreed to settle all Released Claims in the Action, subject to all terms and conditions herein.

J.      Defendants deny any wrongdoing whatsoever, and have denied and continue to deny that they committed, threatened, or attempted to commit, any of the wrongful acts or violations of law or duty that are alleged in the Action, and instead contend that they have acted properly.  Defendants maintain that they have strong, meritorious defenses to the claims alleged in the Action and that they were prepared vigorously to defend all aspects of the Action, including opposing class certification.  Nonetheless, Defendants have agreed to enter into this Agreement and avoid further expense, inconvenience, and distraction of burdensome litigation, and have determined that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Agreement.

K.      Hopwood believes that the claims asserted in the Action against the Defendants have merit and that he would have ultimately been successful in certifying the Settlement Class under Rule 23 and prevailing on the merits at summary judgment or trial.  Nonetheless, Hopwood and Class Counsel recognize and acknowledge that Defendants have raised factual and legal defenses in the Action that present a risk that Hopwood may not prevail.  Hopwood and Class Counsel have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation.  Hopwood and Class Counsel have conducted a comprehensive examination of the law and facts relating to the matters at issue in the Action and Defendants' potential defenses, including formal discovery and informal exchanges of information throughout the pendency of the Action.  Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the

1   Settlement Class to settle the Released Claims pursuant to the terms and provisions of this

2   Agreement.

3        L.     Class Counsel has determined based upon the evidence they received from

4   Defendants that the claims asserted by Plaintiff Martinez presented significant obstacles for

5   certification of the Classes she sought to represent, and therefore Martinez has voluntarily

6   dismissed with prejudice all claims she asserted in the Action on behalf of herself.  All claims

7   asserted on behalf of the putative classes she purported to represent that are not included in the

8   Settlement Class here were dismissed without prejudice.  No payment has been or will be made,

9   to Martinez or her counsel or otherwise, in connection with the dismissal of these claims.

10        NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED by the Parties that

11   the Action and the Released Claims, as against all Released Parties, subject to the Court's

12   approval, shall be finally and fully compromised, settled and resolved on the terms and conditions

13   set forth in this Agreement, as a good faith, fair, reasonable and adequate settlement.

14                               **AGREEMENT**

15   **1.     DEFINITIONS**

16        In addition to the terms defined above, these terms are defined as follows for purposes of

17   this Agreement:

18        1.1     "Action" means *Hopwood v. Nuance Communications, Inc. and Infinity Contact,*

19   *Inc.*, Case No. 13-02132 YGR, pending in the United States District Court for the Northern

20   District of California.

21        1.2     "Appeal" means a request for appellate review of any order or judgment of the

22   Court entered in this Action, including but not limited to appeals as of right, discretionary

23   appeals, interlocutory appeals, any order reinstating an appeal, and proceedings involving writs of

24   certiorari and/or any proceedings thereon.

25        1.3     "Approved Claim" means a Short Claim Form or Long Claim Form submitted by

26   a Settlement Class Member that:  (a) is timely and responsive to the directions on the Claim Form

27   and the provisions of this Agreement; (b) is fully and truthfully completed and executed, with all

28   of the information requested in the Claim Form provided by a Settlement Class Member; (c) is

signed by the Settlement Class Member, physically or electronically, subject to penalties of perjury; (d) contains a cellular telephone number that appears in the Class List, (e) meets the requirements of Section 6; and (f) is verified by the Settlement Administrator pursuant to Section 6.2 and has not been challenged by Counsel for either Nuance or Infinity pursuant to Section 6.5.

      1.4    "Claims Deadline" means the date by which a Claim Form must be postmarked or received to be considered timely and shall be set at a date no later than forty (40) days after the Notice Date.  The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

      1.5    "Class Counsel" means Jay Edelson, Rafey S. Balabanian, and Benjamin H. Richman of Edelson PC.

      1.6    "Class List" means the reasonably available computerized records in the possession of Defendants that identify the names, email and U.S. mailing addresses, and record of the number of calls to those cellular telephone phone numbers of Persons comprising the Settlement Class covered by this Agreement.

      1.7    "Class Representative" means Plaintiff William Hopwood.

      1.8    "Confidential Information" means all documents and things provided to Class Counsel by Defendants during the course of the Action, whether by informal discovery or otherwise.

      1.9    "Court" means the United States District Court for the Northern District of California, the Honorable Yvonne Gonzalez Rogers presiding, or any judge who shall succeed her as judge in this Action.

      1.10    "Defendants" means Nuance and Infinity.

      1.11    "Effective Date of Settlement" or "Effective Date" means the first date by which all of the events and conditions specified in Section 10.1 have been met and have occurred.

      1.12    "Fee and Expense Award" means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid from the Settlement Fund.

      1.13    "Final" means one business day following the later of the following events:  (i) the expiration of three (3) business days after the time to file a motion to alter or amend a judgment

under Fed. R. Civ. P. 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to file an Appeal has passed without any Appeal having been taken; and (iii) the resolution of any Appeal in a manner that does not reverse or vacate the Final Judgment and in a manner that permits the consummation of the Settlement substantially in accordance with the terms and conditions of this Agreement.  For purposes of the definition of "Final" under this Agreement, an Appeal shall not include any Appeal pertaining solely to the Fee and Expense Award.

1.14    "Final Approval Hearing" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Agreement.

1.15    "Final Judgment and Order of Dismissal with Prejudice" or "Final Judgment" means the final judgment and order to be entered by the Court approving the Agreement.

1.16    "Infinity's Counsel" means the Locke Lord LLP law firm.

1.17    "Long Claim Form" means the claim form substantially in the form as attached as Exhibit 1.  The Long Claim Form will require Settlement Class Members to provide:  (a) their name; (b) current mailing address; (c) cellular phone number belonging to the Settlement Class Member that received a call regarding a Nuance product, the phone number the call was placed from, and the number of calls they claim they received; (d) a contact telephone number and email address; (e) a listing of the date and number of calls received on the listed cellular phone number regarding a Nuance product along with a copy of their cellular phone records matching the listed calls (or an explanation as to why such cellular phone records are unavailable to request an extension); (f) a statement that prior to receiving any of the calls listed, the Settlement Class Member did not give Nuance prior express consent to call the cell phone identified, or that the Settlement Class Member's number was listed on the National Do-Not-Call List at the time that each of the allegedly unsolicited calls was received; (g) a statement under penalty of perjury that the information provided on the claim form is true to the best of the Person's knowledge and belief; and (h) where applicable, an identification code from email or mail notice.

1.18    "Notice" means the long-form notice available on the settlement website that provides information to the Settlement Class regarding the terms of the Agreement, substantially in the form of Exhibit 2 attached hereto.

1.19    "Notice Date" means the date by which notice is complete, which shall be a date no later than twenty-eight (28) days after entry of Preliminary Approval.

1.20    "Nuance's Counsel" means the Morrison & Foerster LLP law firm.

1.21    "Objection/Exclusion Deadline" means the date by which a written objection to this Agreement or a request for exclusion submitted by a Person within the Settlement Class must be postmarked, which shall be designated as a date forty (40) days after the Notice Date and fourteen (14) days after papers supporting the Fee and Expense Award are posted to the dedicated settlement website listed in Section 4.2(d), or such other date as ordered by the Court.

1.22    "Preliminary Approval" means the order preliminarily approving the Agreement, certification of the Settlement Class for settlement purposes, and directing Notice and Summary Notice to the Settlement Class.

1.23    "Parties" means William Hopwood and the Settlement Class on the one hand, and Nuance and Infinity on the other.

1.24    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, limited liability corporation, professional corporation, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, domestic partners, heirs, executors, administrators, predecessors, successors, representatives, or assigns of any of the foregoing.

1.25    "Plaintiffs" means William Hopwood and the Settlement Class Members.

1.26    "Released Claims" means any and all claims (including Unknown Claims, as defined in Section 1.39), demands, rights, liabilities, suits, debts, obligations, and causes of action of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, concealed or hidden, regardless of legal theory, including without limitation, claims

for negligence, gross negligence, recklessness, intentional wrongdoing, fraud, violations of the common law, administrative rule or regulation, tort, contract, equity, or otherwise or of any state or federal statutes, rules or regulations or international law, or the law of any foreign jurisdiction, that were asserted, or could have been asserted or might have been asserted, in the Action or in any other litigation, action or forum, belonging to any Releasing Parties, or any of them, against the Released Parties, or any of them, which arise out of or relate in any way, in whole or in part, to alleged calls to wireless telephone numbers of Settlement Class Members made during the Settlement Class Period by Infinity for the purpose of offering one or more Nuance products, provided, however, that Released Claims do not include any action taken to enforce the terms of this Agreement.

1.27    "Released Parties" means Nuance and Infinity and each, any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, divisions, holding companies, employers, employees, agents, consultants, independent contractors, insurers (including, without limitation, The Phoenix Insurance Company, The Travelers Indemnity Company, The Travelers Indemnity Company of Connecticut, Travelers Property Casualty Company of America and all of their owners, parent corporations, subsidiaries, affiliates, related companies, predecessors, successors, current or former directors, officers, employees, shareholders, attorneys, agents, reinsurers, and assigns (cumulatively, "Travelers")), directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, and Persons, firms, trusts, corporations, officers, directors, other individuals or entities in which Nuance or Infinity has a controlling interest or which is related to or affiliated with it, or any other representatives of any of these Persons and entities.

1.28    "Releasing Parties" means Plaintiffs and each of them, and their respective present or past heirs, executors, estates, administrators, predecessors, successors, parent companies, subsidiaries, associates, affiliates, divisions, holding companies, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, partners, principals,

members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns, and any other representatives of any of these Persons and entities.

1.29   "Remaining Funds" means the amount of the Settlement Fund (except for the $245,000 to be paid by Travelers) that is remaining after the payments of Approved Claims to the Settlement Class Members, Settlement Administration Expenses, and any incentive award to the Class Representative and Fee and Expense Award to Class Counsel.  The Parties agree that any sums remaining in the Settlement Fund (except for the $245,000 to be paid by Travelers) after payment of the items referred to in the first sentence of this paragraph, together with any interest earned thereon, shall revert to Nuance no later than fourteen (14) calendar days after all required payments under this Agreement have been distributed and shall not constitute abandoned or unclaimed property under the laws of any state or otherwise.  Nuance shall be liable for any tax consequences resulting from any such accrued interest.

1.30   "Settlement" or "Agreement" means the settlement set forth in this Agreement.

1.31   "Settlement Administration Expenses" means only the reasonable expenses incurred by the Settlement Administrator in or relating to administering the Settlement, providing Notice, Summary Notice, processing Long Claim Forms and Short Claim Forms, mailing checks for Approved Claims, as well as any costs incurred in sending the CAFA notice, and other such related expenses, with all such expenses to be paid from the Settlement Fund.

1.32   "Settlement Administrator" means the Garden City Group, a third-party settlement administrator, retained by Defendants, with approval of Class Counsel, to administer the Settlement.

1.33   "Settlement Class" means all individuals who received a call on a United States wireless telephone number from Infinity for the purpose of offering one or more Nuance products between May 8, 2009 and the date of the Court's preliminary approval of this Agreement. Excluded from the Settlement Class are Defendants, their officers and directors during the Settlement Class Period, the members of their immediate families, and their respective representatives, heirs, successors, and assigns.  Also excluded from the Settlement Class are those

1   Persons who otherwise satisfy the above requirements for membership in the Settlement Class,

2   but who timely and validly request exclusion from the Settlement Class pursuant to the Notice to

3   be sent.

4        1.34    "Settlement Class Member" means a Person who falls within the definition of the

5   Settlement Class as set forth above.

6        1.35    "Settlement Class Period" means May 8, 2009 to the date on which this Court

7   preliminary approves this Agreement, inclusive.

8        1.36    "Settlement Fund" means the cash settlement fund that Defendants shall make, or

9   cause to be made, available as full and complete consideration for the settlement of the Released

10  Claims against the Released Parties, up to a maximum of nine million two hundred forty-five

11  thousand dollars U.S. ($9,245,000).  The Settlement Fund shall be maintained and controlled by

12  the Settlement Administrator as escrow agent.  The Settlement Fund will be paid as follows:  (1)

13  within fourteen (14) calendar days of an order preliminarily approving the Settlement, Defendants

14  shall pay or cause to be paid the estimated costs of class notice and initial administration costs

15  (estimate to be provided by Settlement Administrator) into the Settlement Fund; (2) within fifteen

16  (15) calendar days of the Effective Date, Defendants shall deposit or cause to be deposited into

17  the Settlement Fund the sum necessary to make all required payments under this Agreement up to

18  a maximum of $9,000,000, including for Settlement Administration Expenses, Approved Claims,

19  the incentive award to the Class Representative, and the Fee Award to Class Counsel; and (3)

20  within fifteen (15) calendar days of the Effective Date, Travelers shall pay or cause to be paid a

21  non-reversionary sum of two hundred forty-five thousand dollars U.S. ($245,000) into the

22  Settlement Fund.  The Settlement Fund will be the maximum amount Defendants will pay in

23  connection with this Agreement.  The Settlement Fund includes all interest that shall accrue on

24  the sums deposited in it.  At the request of Nuance's Counsel, the Settlement Administrator or its

25  designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds to

26  Nuance's Counsel.  The Settlement Fund will be used to pay all costs associated with the

27  Settlement, including Approved Claims, Settlement Administration Expenses, any Fee and

28  Expense Award, and any Class Representative incentive award.

1.37 "Short Claim Form" means the claim form substantially in the form attached as Exhibit 3. The Short Claim Form will require Settlement Class Members to provide: (a) their name; (b) current mailing address; (c) cellular phone number belonging to the Settlement Class Member that received a call regarding an offer for a Nuance product; (d) a statement that prior to receiving any of the calls at issue that the Person did not give Nuance prior express consent to call the cell phone listed or that they received unsolicited calls after placing their cellular phone number on the National Do-Not-Call list; (e) a statement under penalty of perjury that the information provided on the claim form is true to the best of the Person's knowledge and belief; and (f) where applicable, identification code from email or mail notice.

1.38 "Summary Notice" means the notice to be distributed substantially in the form attached hereto as Exhibit 4.

1.39 "Unknown Claims" means claims that could have been raised in this lawsuit by Plaintiff Hopwood and each member of the Settlement Class relating to any alleged wireless telephone calls made during the Settlement Class Period by Infinity on behalf of Nuance, and that the Plaintiffs whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her, or it, might affect his, her, or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Although the releases granted under this Agreement are not general releases, upon the Effective Date, Plaintiffs shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, relating to any alleged wireless telephone calls made during the Settlement Class Period by or on behalf of Nuance. Section 1542 of the California Civil Code provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs whose claims are being released also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States that is similar, comparable or equivalent to § 1542 of the California Civil Code, relating to claims related to wireless telephone calls made during the Settlement Class Period by Infinity on behalf of Nuance.  Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have as the term Unknown Claims is defined in this paragraph.  The Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of the Agreement of which this release is a part.

**2.      SETTLEMENT RELIEF**

2.1      Subject to the terms and conditions of this Agreement, Defendants shall make, or cause to be made, available the Settlement Fund.

2.2      **Payments for Approved Claims of Settlement Class Members**

(a)      Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim.  The Settlement Administrator shall pay from the Settlement Fund the sum of one hundred seventy dollars ($170) via check to each Settlement Class Member who files an Approved Claim resulting from a Short Claim Form.  If a Settlement Class Member does not file a Short Claim Form, he or she shall have until the Claims Deadline to submit a Long Claim Form. The Settlement Administrator shall pay from the Settlement Fund the sum of sixty-five dollars ($65) per call received by the Settlement Class Member on their cellular telephone number for the purpose of promoting a Nuance product via check to each Settlement Class Member who files an Approved Claim resulting from a Long Claim Form.  If the total amount required to pay all Approved Claims, Settlement Administration Expenses, any Fee and Expense Award to Class Counsel, and any incentive award to the Class Representative exceeds the amount in the Settlement Fund, then each Settlement Class Member with an Approved Claim resulting from a Short Claim Form shall receive a *pro rata* payment from the amount of the Settlement Fund

remaining and each Settlement Class Member with an Approved Claim resulting from a Long Claim Form shall receive a *pro rata* per call payment from the amount of the Settlement Fund remaining.

(b)     All payments issued to Settlement Class Members for Approved Claims via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance.  Checks for Approved Claims will be mailed to the address provided on the Approved Claim Form within thirty (30) days of issuance, or such other date as the Court may set.  To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, the check will be void, and such funds from void checks will revert to the Settlement Fund and be included in any Remaining Funds.

2.3     **Prospective Relief**

Defendants agree that they shall institute the following practices on or before the Effective Date, which shall remain in effect for a period of two (2) years after the Effective Date:

(a)     Defendants shall each perform bi-annual audits of their procedures for ensuring that they will not make auto-dialed marketing calls to the cellular phones of Nuance customers unless to the best of their knowledge, each call recipient has given prior express consent in writing to receive such calls, and shall correct any deficiencies that are identified in these audits;

(b)     Defendants shall each perform bi-annual audits of their procedures for ensuring they will not make marketing calls to cellular phone numbers that appear on the National Do-Not-Call List unless, to the best of their knowledge, each call recipient has given prior express consent in writing to receive such calls.

(c)     If there are changes in the law related to the above practices that occur after the Effective Date, Defendants' audits will address compliance with the new law in effect.

**3.     RELEASES**

3.1     The obligations incurred pursuant to this Agreement shall be a full and final disposition of any and all Released Claims, as against all Released Parties.

3.2     Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal With Prejudice shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, and each of them.

**4.      NOTICE TO THE SETTLEMENT CLASS**

4.1     Upon entry of the order granting Preliminary Approval, the Settlement Administrator shall cause the Notice and Summary Notice describing the Final Approval Hearing to be distributed pursuant to the terms of the settlement embodied in this Settlement Agreement. Such notice shall comport with due process, and these costs shall be Settlement Administration Expenses.

4.2     Notice to the Settlement Class shall include:

(a)     Class List:  The Parties agree that the members of the Settlement Class will be derived from the Class List, an electronic copy of which shall be provided by Defendants to the Settlement Administrator within fourteen (14) days before the Notice Date.  Class counsel shall also be provided with an electronic Class List within fourteen (14) days before the Notice Date, but the list provided to Class Counsel will not include the email or U.S. mailing addresses of the Persons comprising the Settlement Class.

(b)     Direct Notice:  The Settlement Administrator will transmit individual Summary Notice (substantially in the form of Exhibit 4 hereto) to each Person on the Class List, via First Class U.S. mail, a postcard notice to the most recent mailing addresses of the Settlement Class as updated by the Settlement Administrator.  The Summary Notice will include instructions on how to access a dedicated settlement website created for this Agreement, which will contain electronic versions of the Short Claim Form and Long Claim Form, which can be submitted online.  In the event that Defendants' account records do not include a valid mailing address for a Settlement Class Member, or the postcard is returned as undeliverable after the Notice Date with no updated address available, but the Class List does include an email address, the Settlement Administrator will send the Summary Notice via email to the email address in the Class List that shall include a hyperlink to the settlement website.

(c)    <u>Online Media</u>:  The direct notice identified above shall be supplemented, to the extent necessary to satisfy Rule 23 and Due Process as determined by the Settlement Administrator, as follows.  If the process outlined in Section 4.2(b) results in direct notice being delivered to less than 70% of the Settlement Class, supplemental notice of the Settlement will also be provided through banner ads substantially designed by the Settlement Administrator and approved by the Parties.

(d)    <u>Internet Notice / Dedicated Settlement Website</u>:  The Settlement Administrator will develop, host, administer and maintain an Internet website dedicated to the Settlement at www.SoftwareCallSettlement.com, which shall include the ability to file Short Claim Forms or Long Claim Forms and accompanying documentation online.  Copies of the Notice, Summary Notice, Short Claim Form, Long Claim Form, and other relevant documents shall be posted and/or available for downloading within fourteen (14) days of entry of Preliminary Approval.

(e)    <u>CAFA Notice</u>:  Pursuant to 28 U.S.C. § 1715, not later than ten (10) calendar days after the Agreement is filed with the Court, the Settlement Administrator shall serve upon all required government officials, notice of the proposed Agreement, which shall include (1) a copy of the most recent complaint and all materials filed with the complaint or notice of how to electronically access such materials; (2) notice of scheduled judicial hearings in the Action; (3) all proposed forms of Notice; and (4) a copy of this Agreement.  The Settlement Administrator shall serve upon the above-referenced government officials the names of Settlement Class Members who reside in each respective state, or, if not feasible, a reasonable estimate of the number of Settlement Class Members residing in each state.

4.3    The Notice shall advise Settlement Class Members of their rights, including the right to be excluded from, comment upon, and/or object to the Agreement or its terms.  The Notice shall provide a procedure whereby Settlement Class Members may exclude themselves from the Settlement Class.  Any Settlement Class Member who does not timely and validly request exclusion shall be a Settlement Class Member and shall be bound by the terms of this Agreement.  The Notice shall also provide a procedure for Settlement Class Members to object to

the proposed settlement and/or to the attorneys' fees and expenses requested by Class Counsel and incentive award requested by the Class Representative, and/or to be represented by counsel of their choice at their own expense.

**5.     OBJECTIONS AND EXCLUSIONS**

5.1     All objections and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making an objection submits copies of such papers to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Ronald V. Dellums Federal Building, Courtroom 1, 1301 Clay Street, Oakland, California, 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, except that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's CM/ECF system.  Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include:  (1) the objector's name and address; (2) the cellular phone number that allegedly received any call promoting a Nuance product during the Settlement Class Period; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).  Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Agreement at the Final Approval Hearing, or from seeking review of this Agreement by appeal or other means and shall be deemed to have waived his, her or its objections and be forever barred from making any such objections in the Action or any other action or proceeding.  By filing an

1    objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes,

2    including but not limited to subpoenas and discovery.

3         5.2    Any Person in the Settlement Class may submit a request for exclusion to seek to

4    be excluded from the Settlement Class by sending a written request to the Settlement

5    Administrator postmarked on or before the Objection/Exclusion Deadline approved by the Court

6    and specified in the Notice and Summary Notice.  Any Person in the Settlement Class so

7    excluded shall not be bound by the terms of this Agreement, and shall be deemed to have waived

8    any rights or benefits under this Agreement.  Any Person in the Settlement Class who submits a

9    request for exclusion may not file an objection to the Settlement.  A request for exclusion must be

10   signed by the Settlement Class Member, and must include the Settlement Class Member's name,

11   address, and the cellular telephone number that allegedly received a call by or on behalf of

12   Nuance during the Settlement Class Period, and must clearly state that the Person wishes to be

13   excluded from the Action and the Agreement.  A request for exclusion that does not include all of

14   this information, or that is sent to an address other than that designated in the notice, or that is not

15   postmarked within the time specified, shall be invalid, and the Person serving such a request shall

16   be a member of the Settlement Class and shall be bound as a Settlement Class Member by the

17   Court's order granting class certification for settlement purposes and by this Agreement, if

18   approved.

19   **6.    SETTLEMENT ADMINISTRATION**

20        6.1    The Settlement Administrator shall, under the Court's supervision, administer the

21   relief provided by this Agreement by processing each Short Claim Form and Long Claim Form in

22   a rational, responsive, cost-effective, and timely manner.  The Settlement Administrator shall

23   maintain reasonably detailed records of its activities under this Agreement.  The Settlement

24   Administrator shall maintain all such records as are required by applicable law in accordance with

25   its normal business practices.  The Settlement Administrator shall also provide reports and other

26   information to the Court as the Court may require.  The Settlement Administrator shall also

27   receive requests to be excluded from the Settlement Class and promptly provide each to Class

28   Counsel, Infinity's Counsel, and Nuance's Counsel copies thereof upon receipt, as set forth in

foregoing sections.  If the Settlement Administrator receives any requests for exclusion after the deadline for the submission of such requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Counsel for Defendants. The Settlement Administrator will record the date of receipt of the request for exclusion and shall forward copies of all requests to Infinity's Counsel, Nuance's Counsel, and Class Counsel as soon as practicable after received but no later than twenty-one (21) days before the Final Approval Hearing.  The Settlement Administrator shall retain copies of all written requests for exclusion until such time as it has completed its duties and responsibilities under this Agreement.

6.2     The Settlement Administrator shall employ reasonable procedures to screen claims for eligibility, abuse or fraud.  The Settlement Administrator shall validate the Short Claim Forms and Long Claim Forms against the Class List by cross-referencing the cellular telephone numbers provided on the Claim Form against the Class List, and shall invalidate a Claim Form where the cellular telephone number provided on the Claim Form does not appear on the Class List, where the cellular telephone number provided does not meet the requirements for an Approved Claim, or where there is other evidence of abuse or fraud.  The Settlement Administrator shall also reject a Claim Form that does not contain all requested information to screen the claim for fraud or abuse.

6.3     Only one Approved Claim may be paid for each phone number appearing in the Class List, and only one Approved Claim may be paid per Settlement Class Member per call.  A Settlement Class Member may submit either a Short Claim Form or a Long Claim Form, but not both.  If a Settlement Class Member otherwise entitled to submit a Long Claim Form for multiple calls instead submits a Short Claim Form under this Agreement, he or she is entitled to only one payment which shall be considered an Approved Claim resulting from a Short Claim Form payable from the Settlement Fund if otherwise properly completed and timely.

6.4     A Long Claim Form will be approved only if a Settlement Class Member provides the requested documentation to support the Settlement Class Member's per-call claim.  If a Settlement Class Member is unable to obtain the documentation required in a Long Claim Form prior to the Claims Deadline, the Settlement Class Member may still be considered for a payment

under this Settlement, but only if the Settlement Class Member submits a timely and complete Long Claim Form with an acceptable explanation to the Settlement Administrator regarding the reason that such documentation could not be timely acquired and when it will be submitted. Based on the explanation provided, the Settlement Administrator may deny the Claim Form or may, in its discretion, authorize an extension of up to 30 days for the Settlement Class Member to secure the required documentation.  Any extension of time authorized for a Settlement Class Member to obtain the documentation required to support a Long Claim Form shall in no event extend beyond 30 calendar days after the Claims Deadline.

6.5    Infinity's Counsel, Nuance's Counsel, and Class Counsel shall have the right to inspect all Short Claim Forms and Long Claim Forms (including forms submitted electronically) received by the Settlement Administrator.  Nuance's Counsel, Infinity's Counsel, and Class Counsel shall have the right to challenge the acceptance or rejection of a Long Claim Form or Short Claim Form submitted by Settlement Class Members, including without limitation on the basis that the Settlement Class Member is not eligible to receive payment for the claims asserted in the Action, had an established business relationship with Nuance (as a defense to a Do-Not-Call claim only), provided prior express consent, or based on any other defense available to Defendants.  The Settlement Administrator shall follow any agreed decisions of Defendants' Counsel and Class Counsel.  To the extent Defendants' Counsel and Class Counsel are not able to agree on the disposition of a challenge, they shall submit their dispute to Judge James Larson (Ret.) prior to the Final Approval Hearing.  All decisions by Judge Larson regarding challenges to accepted or rejected claims shall be binding.

6.6    The Settlement Administrator shall provide reports to Class Counsel, Nuance's Counsel, and Infinity's Counsel, including reports regarding the number of Short Claim Forms and Long Claim Forms received.

6.7    The Settlement Administrator and Class Counsel shall keep the Class List and all personal information obtained therefrom, including the identity and telephone numbers, email addresses, and U.S. mailing addresses for the persons on the Class List, strictly confidential pursuant to the terms of this Agreement.  Class Counsel may use the Class List only for the

purpose of advising specific individual Settlement Class Members of their rights and otherwise effectuating the terms of this Agreement or duties arising thereunder and for no other purpose. Within one hundred eighty (180) days of the Effective Date, the Settlement Administrator and Class Counsel shall destroy the Class List and all information obtained or compiled therefrom, and provide written verification to Defendants' Counsel that they have done so.

6.8     The Parties, the Released Parties, and their respective counsel shall have no responsibility or liability whatsoever for the Settlement Administrator's conduct, omissions, or actions.

6.9     The Settlement Administrator shall not disburse the Settlement Fund except as provided in this Agreement or by an order of the Court.

6.10    Subject to further order and/or direction as may be made by the Court, the Settlement Administrator is authorized to execute such transactions as are consistent with the terms of this Agreement.

**7.     TERMINATION OF SETTLEMENT**

7.1     Subject to Section 10.2 below, Plaintiff, on behalf of the Settlement Class, Nuance, or Infinity shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties to this Agreement within fourteen (14) calendar days, of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) modification of the Final Judgment or reversal of the same in any material respect by the Court of Appeals or the Supreme Court; or (v) modification of any Alternative Judgment, as defined in Section 10.2 of this Agreement, or reversal of the same in any material respect by the Court of Appeals or the Supreme Court.

7.2     Nuance or Infinity in its sole and absolute discretion may elect to terminate this Agreement if more than two hundred (200) Persons in the Settlement Class file valid, timely requests for exclusion.  Nuance's or Infinity's election to terminate pursuant to this paragraph must be made in writing and be delivered by hand or overnight courier to Class Counsel,

Infinity's Counsel or Nuance's Counsel, as applicable, and the Court on or before fourteen (14) calendar days after the receipt of all of the copies of the requests for exclusion, on or before fourteen (14) calendar days after the Court grants additional exclusions for any reason, or on or before three (3) business days before the Final Approval Hearing, whichever occurs last.  Upon the exercise by Nuance or Infinity of the option to terminate, this Agreement is nullified as set forth below in Section 10.2.

**8.      PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

8.1      Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for an order preliminarily approving the Settlement set forth in this Agreement, certification of the Settlement Class for settlement purposes only, appointment of Class Counsel and the Class Representative, and approval for the dissemination of the Notice and Summary Notice.  The order granting Preliminary Approval shall authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Agreement and its implementing documents (including all Exhibits to this Agreement) within one hundred eighty (180) days of final approval so long as they are consistent in all material respects with the order granting Preliminary Approval and do not limit the rights of the Settlement Class.

8.2      At the time of the submission described in Section 8.1, Class Counsel shall request that, after Notice is given, the Court hold the Final Approval Hearing no earlier than ninety (90) days after the CAFA notice is served, or such other time as the Court shall set, and finally approve the settlement of the Action as set forth in this Agreement.

8.3      After Notice is given, the Parties shall request and obtain from the Court a Final Judgment.  The Parties will propose a Final Judgment, which will (among other things):

(a)      find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all Exhibits thereto;

(b)      approve the Agreement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their Counsel to implement and

consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs or Releasing Parties;

(c)     find that the notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)     dismiss the Action on the merits and with prejudice as to the Released Parties, without fees or costs to any Party except as provided in the Settlement Agreement and determined by the Court;

(e)     incorporate the Release set forth above, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties as set forth herein;

(f)     permanently bar and enjoin all Settlement Class Members (except those who timely requested exclusion from the Settlement) from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(g)     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and the Final Judgment, and for any other necessary purpose; and

(h)     incorporate any other provisions, as the Court deems necessary and just.

## 9.     CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD

9.1     Subject to the Court's decision, Nuance and Infinity agree to pay Class Counsel attorneys' fees and to reimburse reasonable expenses in the Action from the Settlement Fund in

an amount of no more than two million two hundred fifty thousand dollars U.S. ($2,250,000). Nuance and Infinity agree that they will not, directly or indirectly, oppose Class Counsel's request for attorneys' fees and costs as long as Class Counsel's entire Fee and Expense Award does not exceed this amount.  Class Counsel has, in turn, agreed not to seek more than this amount from the Court.  Should the Court award less than this amount, the difference in the amount of the Fee and Expense Award and the amount sought pursuant to this paragraph shall remain in the Settlement Fund and will be distributed to Settlement Class Members with Approved Claims on a *pro rata* basis and shall not constitute Remaining Funds.

9.2     Defendants shall pay or cause to be paid the Fee and Expense Award from the Settlement Fund within fourteen (14) calendar days after the Effective Date.  Any payment of the Fee and Expense Award shall be paid via electronic transfer to an account designated by Class Counsel.  Class Counsel agrees to provide to Defendants' Counsel all necessary information for electronic transfer of any Fee and Expense Award at least seven (7) business days before the Fee and Expense Award is due.  Class Counsel agrees that in no event shall Defendants pay or be obligated to pay in excess of two million two hundred fifty thousand dollars U.S. ($2,250,000) for the Fee and Expense Award.

9.3     Class Counsel shall petition the Court for, and Defendants shall not oppose, directly or indirectly, an incentive award in an amount not to exceed one thousand five hundred dollars U.S. ($1,500) for the Class Representative to be paid from the Settlement Fund and shall be in addition to any amounts to which he may be entitled to as a Settlement Class Member.  The Settlement Administrator shall pay said amounts via check to the Class Representative, such check to be sent care of Class Counsel, within fourteen (14) calendar days after the Effective Date.  The Court's award of any incentive award shall be separate from its determination of whether to approve the Agreement.  Should the Court award less than this amount, the difference in the amount awarded and the amount sought pursuant to this paragraph shall remain in the Settlement Fund and will be distributed to Settlement Class Members who submitted Approved Claims on a *pro rata* basis and shall not constitute Remaining Funds.

9.4     The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Class Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award or any incentive award.

**10.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

10.1     This Agreement, the Settlement and the Effective Date shall be conditioned on the occurrence of the following events:

(a)     This Agreement has been executed by Class Counsel, Nuance's Counsel, and Infinity's Counsel;

(b)     The Court has entered the Preliminary Approval Order, as required by Section 8 hereof;

(c)     Subject to Section 10.2, no Party has exercised its right to terminate this Agreement pursuant to Section 7.1 hereof;

(d)     Neither Nuance nor Infinity has exercised its option to withdraw or terminate this Agreement pursuant to Section 7.2 hereof;

(e)     The Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered the Final Judgment in the Action; and

(f)     The Settlement and Final Judgment have become Final.

10.2     If the Agreement does not become Final, or in the event that this Agreement is not approved by the Court, or, in the event that the Court enters Final Judgment in a form other than that provided above ("Alternative Judgment"), or the Settlement set forth in this Agreement is terminated or fails to become effective for the reasons set forth in Sections 7.1 or 7.2, then this Settlement Agreement shall be canceled and terminated unless Class Counsel, Nuance's Counsel, and Infinity's Counsel mutually agree in writing to proceed with this Agreement.  If any Party is in willful material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to the other Parties.  Notwithstanding any provision of this Agreement, the Parties agree that the Court's

decision as to any Fee and Expense Award to Class Counsel or any incentive award to the Class Representative set forth in Section 9 above, including any decision by the Court to award less than the amounts sought, shall not prevent the Agreement from becoming effective, prevent Final Judgment from being entered, or provide any grounds for termination.

10.3     In the event the Agreement is not approved or this Agreement is terminated or does not become effective for any reason, within fourteen (14) calendar days after written notification of such event is sent by Nuance's Counsel, Infinity's Counsel, or Class Counsel to the Settlement Administrator, the Settlement Fund (including accrued interest), less all Settlement Administration and/or costs which have either been disbursed or incurred pursuant to this Agreement above, shall be refunded by the Settlement Administrator to Nuance in accordance with written instructions to be signed by Nuance (or Nuance's Counsel).

## 11.   MISCELLANEOUS PROVISIONS

11.1     Pending the Court's determination of whether the Agreement should be approved, other than those activities and proceedings relating to this Agreement, all proceedings and all further activity relating to the Action shall be stayed.

11.2     Pending the Court's determination of whether the Agreement should be approved, neither Plaintiff Hopwood, Martinez nor any of the Settlement Class Members shall commence, maintain or prosecute any action or proceeding in any court or tribunal against any of the Released Parties asserting any of the Released Claims.  Plaintiff Hopwood, Nuance and Infinity currently are not aware of any such actions or proceedings by unnamed Settlement Class Members.

11.3     Class Counsel, Nuance's Counsel, and Infinity's Counsel agree, subject to their fiduciary and other legal obligations, to cooperate and to exercise good faith to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement. Class Counsel, Nuance's Counsel, and Infinity's Counsel agree to cooperate with one another in seeking Court approval of this Agreement, including the claims process, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

11.4     The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by the Releasing Parties, and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Nuance or Infinity, or each or any of them, in bad faith or without a reasonable basis.

11.5     Subject to the final resolution of the Coverage Action, the following claims are preserved solely by and for the benefit of Nuance and Infinity:  (1) Nuance's and Infinity's legal fees, expenses and costs incurred in defending against this Action and/or pursuing the Coverage Action and/or coverage under insurance policies issued to Nuance and/or Infinity by Travelers; and (2) Nuance's and Infinity's additional rights against their respective insurers and/or under insurance policies issued to Nuance and/or Infinity by Travelers, including without limitation Nuance's and Infinity's settlement costs of this Action.

11.6     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

11.7     Whether or not the Agreement becomes Final or is terminated, neither this Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

(a)     is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Settlement Amount or the Fee and Expense Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)      is, may be deemed, or shall be used, offered, or received against Nuance or Infinity as an admission, concession, or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)      is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  However, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; and

(d)      is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial.

11.8    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

11.9    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

11.10  All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

11.11  This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations,

agreements (including without limitation the Settlement Term Sheet entered into by the Parties to the Action), arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

11.12   Except as otherwise provided herein, each Party shall bear its own costs and no other payments to the Plaintiffs or Class Counsel shall be required under this Agreement and the Settlement set forth herein.

11.13   Plaintiff Hopwood represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that he is fully entitled to release the same.

11.14   Each counsel or other Person executing this Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

11.15   Class Counsel, on behalf of themselves and any expert witnesses and consultants retained by them, acknowledge that during the course of the Action, they have received Confidential Information. No later than thirty (30) days after the Effective Date, Class Counsel will return to the producing party or destroy all Confidential Information and will certify that they and any expert witnesses and consultants have not retained any copies or summaries or compilations or indices of such information. Class Counsel also will not use any of the Confidential Information learned or obtained in the Action for any purpose after the Effective Date.

11.16   Except as required by law or any other disclosure obligations, Plaintiff Hopwood, Class Counsel, Nuance's Counsel, and Infinity's Counsel shall decline to respond to media inquiries about this case and shall not issue any press releases or make any postings online or in

social media about this case.  Notice of the Settlement will be delivered exclusively through the notice process set forth in Section 4 above.

11.17   This Agreement may be executed in one or more counterparts.  Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

11.18   This Agreement shall be binding upon, and inure to the benefit of, the respective heirs, successors, and assigns of the Parties hereto and the Released Parties.

11.19   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

11.20   The time periods and dates described in this Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of the Parties' counsel.

11.21   This Agreement and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, entered into, and to be wholly performed, in the State of California, and the rights and obligations of the Parties to this Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

1    11.22   This Agreement is deemed to have been prepared by counsel for all Parties, as a

2    result of arms' length negotiations.  Whereas all Parties have contributed substantially and

3    materially to the preparation of this Agreement, it shall not be construed more strictly against one

4    Party than another.

5    11.23   Where this Agreement requires notice to the Parties, such notice shall be sent to

6    the undersigned counsel:  Rafey S. Balabanian, Edelson PC, 350 North LaSalle Street, Suite

7    1300, Chicago, Illinois 60654; Tiffany Cheung, Morrison & Foerster LLP, 425 Market Street,

8    San Francisco, California, 94105-2482, Regina McClendon, Locke Lord LLP, 44 Montgomery

9    Street, Suite 4100, San Francisco, California, 94104.

10

11   Dated: April 23, 2015                    PLAINTIFF WILLIAM HOPWOOD

12                                            By: _____
13                                            William Hopwood, individually and as
                                              representative of the Settlement Class
14

15

16   Dated: April ___, 2015                   NUANCE COMMUNICATIONS, INC.
                                              BY:
17                                            _____
18                                            Name_____
19                                            _____
                                              Title
20

21
     Dated: April ___, 2015                   INFINITY CONTACT, INC.
22                                            BY:
23                                            _____
                                              Name_____
24                                            _____
25                                            Title

26

27

28

11.22   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

11.23   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Rafey S. Balabanian, Edelson PC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; Tiffany Cheung, Morrison & Foerster LLP, 425 Market Street, San Francisco, California, 94105-2482, Regina McClendon, Locke Lord LLP, 44 Montgomery Street, Suite 4100, San Francisco, California, 94104.

Dated: April ___, 2015                  PLAINTIFF WILLIAM HOPWOOD


                                         By: _____
                                         William Hopwood, individually and as
                                         representative of the Settlement Class


Dated: April 23, 2015                    NUANCE COMMUNICATIONS, INC.
                                         BY: _____
                                         Name Thomas L. Beaudoin
                                         _____
                                         Executive Vice President
                                         Title Chief Financial Officer


Dated: April ___, 2015                   INFINITY CONTACT, INC.
                                         BY:
                                         Name _____

                                         Title _____

11.22   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

11.23   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Rafey S. Balabanian, Edelson PC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; Tiffany Cheung, Morrison & Foerster LLP, 425 Market Street, San Francisco, California, 94105-2482, Regina McClendon, Locke Lord LLP, 44 Montgomery Street, Suite 4100, San Francisco, California, 94104.

Dated: April __, 2015                       PLAINTIFF WILLIAM HOPWOOD


                                            By: _____
                                            William Hopwood, individually and as
                                            representative of the Settlement Class



Dated: April ___, 2015                      NUANCE COMMUNICATIONS, INC.
                                            BY:

                                            Name_____

                                            Title_____


Dated: April 24, 2015                       INFINITY CONTACT, INC.
                                            BY: _Thomas R Leidigh_____

                                            Name_Thomas R. Leidigh_____

                                            Title_CEO_____

1

2

3

Approved as to form:

4

5

Dated: April 24, 2015

6
JAY EDELSON
BENJAMIN HARRIS RICHMAN

7
RAFEY S. BALABANIAN
EDELSON PC

8

9
By: _____

10
Rafey Balabanian

11
Attorneys for Plaintiffs
William Hopwood and Teresa Martinez

12

13
Dated: April ___, 2015
PAUL T. FRIEDMAN
TIFFANY CHEUNG

14
CAITLIN S. BLYTHE
MORRISON & FOERSTER LLP

15

16
By: _____

17
Tiffany Cheung

18
Attorneys for Defendant
NUANCE COMMUNICATIONS, INC.

19

20
Dated: April ___, 2015
REGINA MCCLENDON
LOCKE LORD, LLP

21

22
By: _____

23
Regina McClendon

24
Attorneys for Defendant
INFINITY CONTACT, INC.

25

26

27

28

1

2

3

Approved as to form:

4

5

Dated: April___, 2015

6                                                   JAY EDELSON
                                                    BENJAMIN HARRIS RICHMAN
                                                    RAFEY S. BALABANIAN
7                                                   EDELSON PC

8

9                                                   By: _____
                                                         Rafey Balabanian
10

                                                    Attorneys for Plaintiffs
11                                                  William Hopwood and Teresa Martinez

12

Dated: April 24, 2015
13                                                  PAUL T. FRIEDMAN
                                                    TIFFANY CHEUNG
14                                                  CAITLIN S. BLYTHE
                                                    MORRISON & FOERSTER LLP

15

16                                                  By: _____
                                                         Tiffany Cheung
17

                                                    Attorneys for Defendant
18                                                  NUANCE COMMUNICATIONS, INC.

19

Dated: April ___, 2015
20                                                  REGINA MCCLENDON
                                                    LOCKE LORD, LLP
21

22                                                  By: _____
                                                         Regina McClendon
23

                                                    Attorneys for Defendant
24                                                  INFINITY CONTACT, INC.

25

26

27

28

1

2

3

4       Approved as to form:

5

6 Dated: April___, 2015

7                                            JAY EDELSON
                                           BENJAMIN HARRIS RICHMAN
                                           RAFEY S. BALABANIAN
                                           EDELSON PC

8

9                                            By: _____

10                                               Rafey Balabanian

11                                            Attorneys for Plaintiffs
                                           William Hopwood and Teresa Martinez

12

13 Dated: April ___, 2015                    PAUL T. FRIEDMAN
                                         TIFFANY CHEUNG
                                           CAITLIN S. BLYTHE
                                         MORRISON & FOERSTER LLP

14

15

16                                            By: _____

17                                              Tiffany Cheung

18                                            Attorneys for Defendant
                                         NUANCE COMMUNICATIONS, INC.

19

20 Dated: April **23**, 2015                  REGINA MCCLENDON
                                           LOCKE LORD, LLP

21

22                                            By: _____
                                           Regina McClendon

23

24                                            Attorneys for Defendant
                                       INFINITY CONTACT, INC.

25

26

27

28

# EXHIBIT 1

# LONG CLAIM FORM

Return this Claim Form to:  Settlement Administrator, [address].  Questions, visit www.SoftwareCallSettlement.com or call [toll free number].

**Instructions:**  A proposed class action settlement has been reached in a lawsuit over allegedly unauthorized calls made to cell phones by Defendant Infinity Contact, Inc. ("Infinity") on behalf of Defendant Nuance Communications, Inc. ("Nuance") (Infinity and Nuance together are "Defendants") from May 8, 2009 to [date].  The Settlement Class includes "[a]ll individuals who received a call on a United States wireless telephone from Infinity for the purpose of offering one or more Nuance products between May 8, 2009 and [date]."  Please note that while the calls were technically placed by Infinity, the calls were identified as coming from Nuance, with no mention of Infinity.

If you are a Settlement Class Member, you can use this Long Claim Form to receive a payment in the amount of up to $65 for each eligible call regarding an offer for a Nuance product that you received on your cell phone without your consent or that you received while your cell phone number was on the National Do-Not-Call list and without your consent. If your claim is approved, the amount you will receive may be reduced depending on the number of valid claims submitted.  If you use this Long Claim Form you must submit a copy of your cell phone bill(s) showing the receipt of those calls.  If you are unable to obtain a copy of your cell phone bill(s) prior to the deadline to submit a claim, you must explain in the space provided below why you were unable to do so and when you can obtain such bill(s).  (Based on your explanation, your claim may be denied or the Settlement Administrator may (but is not required to) authorize an extension of no more than 30 days to allow time for you to obtain your cell phone bill(s).)  Even if you submit a copy of your cell phone bill(s), you must still identify each call for which you are submitting this claim in the space provided below.  Each call identified below can be eligible for only one $65 payment.  You can only submit a Short *or* Long Claim Form, *but not both*.  Visit www.SoftwareCallSettlement.com for more information.

| A. YOUR CONTACT INFORMATION |
|---|

**Name:** _____
    *(First)*                     *(Middle Initial)*            *(Last)*

**Address:** _____
     *(Street)*

_____
    *(City)*                     *(State)*           *(Zip Code)*

**Cell Phone Number:**   ( _____ ) _____ - _____
(This must be the cell phone number that received the calls related to this settlement.)

**Email Address:** _____ **(optional)**

**Contact Phone Number:** ( _____ ) _____ - _____
(Please provide a phone number where you can be reached if further information is required.)

**Your Personal Claim Number:** _____ **(Optional, unless you received an e-mail or postcard notice.)**
(If you received an email or postcard notice regarding this settlement, it will list your Personal Claim Number.)

| B. Number of Calls and Dates Received – Calls to Your Cell Phone Without Your Consent |
|---|

*Use this table to identify calls made to your cell phone without your prior express consent.*

I received the following number of calls on the following dates regarding an offer for a Nuance product.  These calls were made without my prior express consent.

| Date | Originating Phone Number | Number of Calls | Date | Originating Phone Number | Number of Calls | Date | Originating Phone Number | Number of Calls |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|

### C. Number of Calls and Dates Received – National Do-Not-Call Registry

*Use this table to identify calls made to your cell phone number without your consent if that number was listed on the National Do-Not-Call registry at the time the call was received.*

I received the following number of calls on the following dates regarding an offer for a Nuance product.  These calls were made without my consent to my cell phone number, which was listed on the National Do-Not-Call registry at the time each call was received.

| Date | Originating Phone Number | Number of Calls | Date | Originating Phone Number | Number of Calls | Date | Originating Phone Number | Number of Calls |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |

### D. Settlement Class Member Verification

By submitting this Claim Form and checking the boxes below, I declare that I am a member of the Settlement Class and that the following statements are true (either box 1 or 2 must be checked, either box 3(a) or 3(b) must be checked, and boxes 4 and 5 must be checked for a claim to be valid):

☐   (1) I have provided a true copy of my cell phone records, and I hereby declare that they are true and correct copies of such records.  I have included the accurate dates and number of calls from Infinity on behalf of Nuance in the space(s) above.

   **-OR-**

☐   (2) I have been unable to obtain my cellular phone bill(s) prior to the deadline to submit this claim because (you must explain and provide a date within 30 days of the claims deadline by which you can obtain your cellular phone bills):

   _____

☐   (3)(a) Prior to receiving any of the calls listed above in Section B, I did not provide Nuance with express consent to call my cell phone.

   **-OR-**

☐   (3)(b) Prior to receiving any of the calls listed above in Section C, I did not provide Nuance with consent to call my cell phone and my cell phone number was listed on the National Do-Not-Call list at the time each call was received.

☐   (4) I received all of the above-listed calls from Infinity on behalf of Nuance on my cell phone.

☐   (5) Under penalty of perjury, all information provided in this Long Claim Form is true and correct to the best of my knowledge and belief.

| | |
|---|---|
| Signature:_____<br><br><br>Print Name:_____ | Date: _____<br><br>Your claim will be submitted to the Settlement Administrator for review.  If your Claim Form is incomplete, untimely, or contains false information, it may be rejected by the Settlement Administrator.  If accepted, you will be mailed a check at the street address you provided above in the amount of up to $65 per call that has been validated.  This process takes time; please be patient. |

**CLAIM FORMS MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT.  Note: The Settlement Administrator cannot authorize an extension of more than 30 days after the claims deadline.  FILE ONLINE AT: www.SoftwareCallSettlement.com OR MAIL THIS CLAIM FORM TO:  Claims Administrator, [Address].  If you have questions, you may call Class Counsel at [toll-free number].**

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you received a call on your cell phone promoting a Nuance software product between May 8, 2009 and [date], a class action settlement may affect your rights.

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Nuance Communications, Inc. ("Nuance") and Infinity Contact, Inc. ("Infinity," and together, "Defendants"). The class action lawsuit is about whether Infinity, on behalf of Nuance, made unsolicited calls with an autodialer to consumers' cell phones and to cell phone numbers on the National Do-Not-Call List.

- You are included if you received a call on your United States cellular phone from Infinity for the purpose of offering one or more Nuance products, from May 8, 2009 through [date of preliminary approval]. Please note that while the calls were technically placed by Infinity on behalf of Nuance, the calls were identified as coming from Nuance with no mention of Infinity.

- If the Court approves the Settlement, you may be eligible to receive either a flat payment of up to $170 <u>or</u> up to $65 per call if you provide your cell phone bills. These payments may be reduced, depending on the number of valid claims submitted. As part of the Settlement, Defendants also have agreed to take steps related to preventing telemarketing calls to cell phones, or to cell phones on the National Do-Not-Call list, without the appropriate consent of the recipients, as set forth in more detail below.

- Please read this notice carefully. Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A SHORT OR LONG CLAIM FORM** | The only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue the Defendants about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendants about the claims in this case. |

These rights and options—**and the deadlines by which to exercise them**—are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this Notice to let you know about a proposed Settlement with the Defendants. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Yvonne Gonzalez Rogers of the U.S. District Court for the Northern District of California is overseeing this class action. The case is known as *Hopwood v. Nuance Communications, Inc. and Infinity Contact, Inc.*, Case No. 4:13-cv-02132-YGR. The person who sued is called the Plaintiff. The companies he sued, Nuance and Infinity, are called the Defendants.

### 2. What is a class action lawsuit?

In a class action, one or more people called "Class Representatives" sue on behalf of a group of people who have similar claims. In this case, these people are together called a "Settlement Class" or, individually, "Settlement Class Members." In a class action, the court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class. After the parties reached an agreement to settle this case, the Court recognized it as a case that should be treated as a class action for settlement purposes.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The lawsuit alleges that Infinity placed telemarketing calls on behalf of Nuance to consumers' cell phones for the purpose of promoting Nuance products. During the calls, Infinity representatives stated that the calls were coming from Nuance, with no mention of Infinity. The lawsuit alleges that Nuance and Infinity violated the federal Telephone Consumer Protection Act because some consumers, including consumers who had placed their cell phone numbers on the Do-Not-Call list, did not agree to receive these calls. Nuance and Infinity deny the allegations and are entering into the Settlement to avoid burdensome and costly litigation. The Settlement is not an admission of, and does not establish any, wrongdoing.

More information about the complaints in the lawsuit and the Defendants' answers can be found in the "Court Documents" section of the Settlement website at www.SoftwareCallSettlement.com.

## 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendants should win this case.  Instead, both sides agreed to a settlement.  By settling, both sides avoid the uncertainties and expenses associated with ongoing litigation, and it is possible for Settlement Class Members to receive compensation now rather than, if at all, years from now.  The Class Representative and his attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Settlement Class Members.

## WHO'S INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am in the Settlement Class?

The Court decided that this Settlement includes a Class comprised of:  all individuals who received a call on a United States wireless telephone number from Infinity for the purpose of offering one or more Nuance products between May 8, 2009 and [date of preliminary approval].  Everyone who fits this description is a member of the Settlement Class.  Approximately 400,000 individuals meet this description.

If you received a postcard or email about this class action, your cell phone number may be one of the numbers that was called during the Settlement Class Period.  If you received one of these calls, one or more of the toll-free numbers listed here [insert hyperlink] will appear as the "sender" in the billing detail section of your cell phone bill.  Click here [insert hyperlink] for instructions on how to obtain a copy of your cell phone billing records.

## 6. What were the allegedly unconsented calls about?

The calls covered by this Settlement were allegedly made to cellular telephones by Infinity in an attempt to sell Nuance software, such as Dragon® Dictate, Dragon® NaturallySpeaking, PaperPort®, and OmniPage®.  The caller, however, would have identified the calls as coming from Nuance, with no mention of Infinity.

## THE SETTLEMENT BENEFITS

## 7. What does the Settlement provide?

As part of the Settlement, Defendants and their insurers have agreed to create a $9,245,000 Settlement Fund.  The Settlement Fund will be used to pay all valid claims, costs of administering the Settlement, attorneys' fees, and incentive payment to the Class Representative.

The Settlement provides two ways to request a payment.

First, Settlement Class Members who submit a valid Short Claim Form saying they received an unauthorized call on their cell phone will be eligible to receive a set payment of up to $170.  Further details are below.

Second, Settlement Class Members who submit proof that they received multiple unauthorized calls have the option to file a Long Claim Form, along with copies of their cell phone bills showing the

number of calls they received.  Those Settlement Class Members who submit a valid Long Claim Form will be eligible to receive up to $65 per unauthorized call.  Further details are below.

Depending on the number of valid claims submitted, the amounts paid may be reduced on a proportional basis.

Defendants have also agreed to take steps related to preventing telemarketing calls to cell phones without the appropriate consent of the recipients, including bi-annual audits to their telemarketing procedures for compliance with the Telephone Consumer Protection Act.  These practices shall remain in place for a period of two (2) years.

## HOW TO GET BENEFITS

| 8. How do I make a claim? |
| --- |

The Settlement creates a claims process with two Claim Forms:  a Short Claim Form and a Long Claim Form.  You can submit one Claim Form or the other, *but not both*.  You can get either Claim Form on this website or by calling [[Settlement Administrator number]].  The Claim Forms may be submitted online or by U.S. Mail sent to [[address]].  If you file a valid Short Claim Form, you will receive up to $170 and you do not need to submit additional documents.  If you file a valid Long Claim Form you will receive up to $65 per unconsented call, but you will have to provide your cell phone bills for each of the calls you received.

### Short Claim Form

The Short Claim Form requires you to provide your name, address, the cellular telephone number on which you received the call(s), and your personal claim number (if you received an email or postcard notice).  You must verify that, without your consent, sometime during the Settlement Class Period you received a call to your cell phone from Infinity regarding a Nuance product, or while your cell phone number was on the National Do-Not-Call list and without your consent.  If approved, you will receive a set flat payment of up to $170.

### Long Claim Form

In addition to providing the information required for submitting a Short Claim Form, the Long Claim Form requires you to disclose the number of times you claim Defendants called your cell phone without your consent, or the number of times you claim Defendants called your cell phone without your consent while your number was listed on the National Do-Not-Call list, *provide a copy of your wireless cell phone bill(s)* showing receipt of these calls, and state that this information is true.  Click here to find out how to obtain a copy of your cell phone records from your wireless carrier.  Click here to see a list of the toll-free numbers used by Infinity to make the calls at issue, which will appear in the call detail of your cell phone bill(s).  If your claim is approved, you will receive up to $65 per call that matches your cell phone bill.

Both Claim Forms require you to affirm that you did not consent to receive these calls.  You also must truthfully provide all of the information requested by the Claim Form.  If you consented to receive the call(s) you got from Infinity on your cell phone, you may not be eligible to make a claim and your claim may be rejected.  Counsel for Plaintiff or Defendants may also challenge the

acceptance or rejection of claims, including challenges to statements you make in a claim form or to your eligibility to make a claim. More information is available in the Settlement Agreement.

***All Claim Forms must be received and properly completed by [claims deadline].***

## 9. When will I get my payment?

The hearing to consider the final fairness of the Settlement is scheduled for [insert Final Approval Hearing date]. If the Court approves the Settlement, and after any appeals process is completed, eligible Settlement Class Members whose claims were approved will be sent a check in the mail. Please be patient. All checks will expire and become void 90 days after they are issued.

## THE LAWYERS REPRESENTING YOU

## 10. Do I have a lawyer in this case?

Yes, the Court has appointed lawyers Jay Edelson, Rafey S. Balabanian, and Benjamin H. Richman of Edelson PC as the attorneys to represent you and other Settlement Class Members. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiff William Hopwood to serve as the Class Representative. He is a Settlement Class Member like you.

Class Counsel can be reached by calling 1-866-354-3015.

## 11. Should I get my own lawyer?

You don't need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

## 12. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses of up to $2,250,000 and will also request an award of $1,500 for the Class Representative. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representative. The Court may award less than the amounts requested by Class Counsel and the Class Representative, and any money not awarded from these requests will stay in the Settlement Fund to pay Settlement Class Members.

## YOUR RIGHTS AND OPTIONS

## 13. What happens if I do nothing?

If you do nothing, you will receive no payment under the Settlement, you will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. Also, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims resolved by this Settlement.

## 14. What happens if I ask to be excluded?

If you exclude yourself from the Settlement, you can't claim any money or receive any benefits as a result of the Settlement. You will keep your right to start your own lawsuit against Defendants for the same legal claims made in this lawsuit. You will not be legally bound by the Court's judgments related to the Settlement Class and Defendants in this class action.

## 15. How do I ask to be excluded?

You can ask to be excluded from the Settlement. To do so, you must send a letter clearly stating that you want to be excluded from the Settlement in *Hopwood v. Nuance Communications, Inc. and Infinity Contact, Inc.*, Case No. 4:13-cv-02132-YGR. Your letter must also include your name, address, the cell phone number on which you contend you received the call(s), and your signature. You must mail your exclusion request no later than **[objection / exclusion deadline]** to:

Hopwood v. Nuance Settlement Administrator
PO Box 0000
City, ST 00000-0000

You can't exclude yourself via phone, fax or email.

## 16. If I don't exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by this Settlement.

## 17. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Short Claim Form or Long Claim Form to ask for a payment.

## 18. How do I object to the Settlement?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. You can also object solely to the proposed amount of attorneys' fees and expenses. You can't, however, ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. The Court will consider your views. No later than **[objection / exclusion deadline]**, your objection to the Settlement must be filed in person at any location of the United States District Court for the Northern District of California or postmarked to the Court at the following address:

Class Action Clerk
United State District Court for the Northern District of California
Ronald V. Dellums Federal Building
1301 Clay Street, Suite 400 S
Oakland, CA 94612

The objection must be in writing and include the case name *Hopwood v. Nuance Communications, Inc. and Infinity Contact, Inc.*, Case No. 4:13-cv-02132-YGR. Your letter must be personally signed

and must (1) identify all of the reasons for your objections (including citations and supporting evidence) and attach any materials you are relying on to make your objections; (2) include your name, address, the cell phone number on which you claim you received a call promoting a Nuance product, and your signature; and (3) include the name and contact information of any and all lawyers representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection.  If, in addition to submitting a written objection to the Settlement, you wish to appear and be heard at the Hearing on the fairness of the Settlement, you or your attorney must say so in your written objection.  If you have an attorney, your objection and any supporting papers must be filed electronically through the Court's CM/ECF system, by [insert Objection/Exclusion deadline].

Class Counsel will file with the Court and post on the Settlement website its request for attorneys' fees and incentive award on [date 2 weeks before objection deadline].

## 19. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Settlement Class (i.e., you don't exclude yourself from the Settlement).  Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

## 20. When and where will the Court hold a hearing on the fairness of the Settlement?

A hearing has been set for [date] at [time], before the Honorable Yvonne Gonzalez Rogers at the United States Courthouse, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612 in Courtroom 1, 4th Floor.  At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representative.

**Note:**  The date and time of the fairness hearing are subject to change by Court Order, but any changes will be posted at the Settlement website, www.SoftwareCallSettlement.com, or through the Court's Public Access to Court Electronic Records (PACER) system, available at https://ecf.cand.uscourts.gov.

## 21. Do I have to come to the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement Agreement, the Court will consider it.  You may also pay another lawyer to attend, but you don't have to do so.

## 22. May I speak at the hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement by asking to speak in your objection by following the instructions above in section 18.

## GETTING MORE INFORMATION

## 23. Where can I get additional information?

This notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.SoftwareCallSettlement.com, by contacting Class Counsel at 1-866-354-3015, by accessing the Court docket in this case through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

# EXHIBIT 3

## SHORT CLAIM FORM

Return this Claim Form to:  Settlement Administrator, [address].  Questions, visit www.SoftwareCallSettlement.com or call [toll free number].

**Instructions:**  A proposed class action settlement has been reached in a lawsuit over allegedly unauthorized calls made to cell phones by Defendant Infinity Contact, Inc. ("Infinity") on behalf of Defendant Nuance Communications, Inc. ("Nuance") (Infinity and Nuance together are "Defendants") from May 8, 2009 to [date].  The Settlement Class includes "[a]ll individuals who received a call on a United States wireless telephone from Infinity for the purpose of offering one or more Nuance products between May 8, 2009 and [date]."  Please note that while the calls were technically placed by Infinity, the calls were identified as coming from Nuance, with no mention of Infinity.

If you are a Settlement Class Member, you can use this Short Claim Form to request a payment by check.  This Short Claim Form offers a single, one-time check payment of up to $170, regardless of the number of calls you may have received from Infinity on behalf of Nuance, either on your cell phone without your consent or on your cell phone while that number was on the National Do-Not-Call list and without your consent. If you submit your cell phone bills and provide additional information to validate the calls you received from Infinity on behalf of Nuance, you may use the Long Claim Form that offers up to $65 for each eligible call.  If your claim is approved, the amount you will receive may be reduced depending on the number of valid claims submitted.  You can only submit a Short *or* Long Claim Form, *but not both*.  Visit www.SoftwareCallSettlement.com for more information.

| YOUR CONTACT INFORMATION |
|---|

**Name:**_____
       *(First)*                  *(Middle Initial)*             *(Last)*

**Address:**_____
        *(Street)*

_____
       *(City)*                 *(State)*            *(Zip Code)*

**Cell Phone Number:**   (_____)_____-_____
(This must be the cell phone number that received the calls related to this settlement.)

**Email Address:**_____ (optional)

**Contact Phone Number:** (_____)_____-_____
(Please provide a phone number where you can be reached if further information is required.)

**Your Personal Claim Number:** _____ **(Optional, unless you received an e-mail or postcard notice.)**
(If you received an email or postcard notice regarding this settlement, it will list your Personal Claim Number.)

| Settlement Class Member Verification |
|---|

By submitting this Short Claim Form and checking the boxes below, I declare that I am a member of the Settlement Class and the following statements are true:

☐   (1) I received at least one call from Infinity on behalf of Nuance regarding an offer for a Nuance product on my United States cellular phone number listed above between May 8, 2009 and [date].  (must be checked to be valid)

☐   (2) Prior to receiving any such call from Infinity on behalf of Nuance, I did not provide Nuance with express consent to call my cell phone.  (box 2 or 3 must be checked to be valid)

☐   (3) I received at least two calls within a twelve (12) month period from Infinity on behalf of Nuance regarding an offer for a Nuance product on my cellular phone number listed above while that number was listed on the National Do-Not-Call registry, and I did not provide Nuance with consent to call my cell phone.  (box 2 or 3 must be checked to be valid)

☐   (4) Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.  (must be checked to be valid)

Signature:_____

Date:_____

Your claim will be submitted to the Settlement Administrator for review.  If your Claim Form is incomplete, untimely, or contains false information, it may be rejected by the Settlement Administrator.  If your claim is approved, you will be mailed a check at the street address you provide.  This process takes time; please be patient.

Print Name:_____

**CLAIM FORMS MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT.  FILE ONLINE AT: www.SoftwareCallSettlement.com OR MAIL THIS CLAIM FORM TO: Claims Administrator, [Address].  If you have questions, you may call Class Counsel at [toll-free number].**

# EXHIBIT 4

LEGAL NOTICE

# If you received a call on your cell phone promoting a Nuance software product between May 8, 2009 and [date], a class action settlement may affect your rights.

A Federal Court authorized this notice.
You are not being sued.
This is not a solicitation from a lawyer.

***For complete information and details, visit www.SoftwareCallSettlement.com or call [admin phone].***

If the Court approves the Settlement, you may be eligible to receive either a flat payment of up to $170 or up to $65 per call if you provide your cell phone bills.

***Your Personal Claim Number is _____.***

A settlement has been reached in a class action lawsuit against Nuance Communications, Inc. and Infinity Contact, Inc. The lawsuit alleges that Infinity made unsolicited calls on behalf of Nuance to cell phones, including numbers on the National Do-Not-Call List, using automatic dialing equipment to promote Nuance's software products. While the calls were technically placed by Infinity on behalf of Nuance, the calls were identified as coming from Nuance, with no mention of Infinity. Nuance and Infinity deny the allegations, and the settlement is not an admission of wrongdoing or an indication that any law has been broken. The lawsuit is called *Hopwood v. Nuance Communications, Inc. and Infinity Contact, Inc.*, Case No. 4:13-cv-02132-YGR, and is in the U.S. District Court for the Northern District of California.

**Why am I being contacted?** Our records show you may be a "Settlement Class Member" in the settlement. Settlement Class Members are "individuals who received a call on a United States wireless telephone number from Infinity for the purpose of offering one or more Nuance products between May 8, 2009 and [date of preliminary approval]." The calls identified Nuance as the caller, and the telephone numbers the calls were made from are available at www.SoftwareCallSettlement.com.

**What can I get out of the settlement?** If the Court approves the settlement, Defendants and their insurers will create a $9,245,000 settlement fund, from which eligible Settlement Class Members may receive a single payment of up to $170 or a payment of up to $65 per unsolicited call received, depending on the number of claims submitted. Defendants have also agreed to take certain steps in the future regarding their telemarketing practices.

**How do I get my payment?** You must complete the appropriate Claim Form, available at www.SoftwareCallSettlement.com. You can also call [settlement admin phone number] for a paper copy of the Claim Forms. You may only submit **one** Claim Form. Use the Short Claim Form to request up to a $170 flat payment. Use the Long Claim Form if you received several calls and want to request up to $65 per unsolicited call. If you choose this option, you'll need to provide a cell phone bill that shows the calls you received. *All Claim Forms must be received and properly completed by [claims deadline].*

**What are my options?** You can do nothing, submit a Claim Form, or exclude yourself from the settlement. If you do nothing or submit a Claim Form, your rights will be affected. You won't be able to sue Defendants in a future lawsuit about the claims addressed in the settlement. If you exclude yourself, you won't get a payment—but you'll keep your right to sue Defendants in a separate lawsuit on the issues the settlement concerns. You must contact the settlement administrator by mail to exclude yourself. If you do not exclude yourself, you can object to the settlement if you disagree with any of its terms. *All Requests for Exclusion and Objections must be postmarked or filed in person by [exclusion/objection deadline].*

**Do I have a lawyer?** Yes. The Court has appointed lawyers from Edelson PC as "Class Counsel." They represent you and other Settlement Class Members. There's no charge for their services. You can hire your own lawyer, but you'll need to pay your own legal fees. William Hopwood is a Settlement Class Member, and the Court has appointed him to represent the Settlement Class.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on [date] at [time] at the Ronald V. Dellums Federal Building, U.S. Courthouse for the Northern District of California, 1301 Clay St., Oakland, CA 94621. The Court will hear any objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses up to $2.25 million and an incentive award of $1500 to the Class Representative.

*Visit www.SoftwareCallSettlement.com for complete information.*